| | |
|---|---|
| LAUREN WALLIS,<br><br>       *Plaintiff,*<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.;<br>TEVA WOMEN'S HEALTH, INC.; TEVA<br>BRANDED PHARMACEUTICAL<br>PRODUCTS R&D, INC.; THE COOPER<br>COMPANIES, INC.; and<br>COOPERSURGICAL, INC.,<br><br>       *Defendants.* | Case No. 18-CV-_____ |

## NOTICE OF REMOVAL

Defendants Teva Women's Health, Inc., Teva Pharmaceuticals USA, Inc., Teva Branded Pharmaceutical Products R&D, Inc., The Cooper Companies, Inc., and CooperSurgical, Inc., (hereinafter "Defendants" by their undersigned attorneys, hereby give notice of the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Court of Common Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania. As grounds for removal, Defendants state as follows:

## NATURE OF THE ACTION

1.     This is a personal injury products liability action brought by plaintiff Lauren Wallis who alleges a ParaGard IUD was placed in her in 2009. Plaintiff also alleges that when she had the ParaGard removed on May 17, 2017, it was embedded and upon removal, one arm remained embedded.  (Ex. A-1, Compl. ¶¶ 1, 35, 37, 38-40.)

2.     Plaintiff commenced this action on March 8, 2018, in the Philadelphia Court of Common Pleas, March Term, 2018, No. 00601. (Ex. A-2, Praecipe to Issue Writ of Summons.) Plaintiff filed her Praecipe to Reissue the Writ of Summons on April 10, 2018. (*See* Praecipe to Reissue Writ of Summons, Ex. A-3.)

3.     After the Court of Common Pleas issued a Rule to Show Cause why the matter should not be non-prossed for failure to file a complaint in a timely manner (Rule, Ex. A-4), plaintiff filed her Complaint on August 11, 2018. (*See generally*, Ex. A-1, Compl.) Defendants, Teva Pharmaceuticals USA, Inc., Teva Branded Pharmaceutical Products R&D, Inc., The Cooper Companies, Inc., and CooperSurgical, Inc., were each served[1] with a copy of the Complaint on August 17, 2018. Defendant, Teva Women's Health, Inc., was not properly joined or served.

4.     As set forth below, this action is properly removable under the Court's diversity jurisdiction, under the doctrine of fraudulent joinder, and because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Although Teva Pharmaceuticals USA, Inc., and Teva Branded Pharmaceutical Products R&D, Inc., are citizens of Pennsylvania, they do not make removal improper under 28 U.S.C. § 1441(b)(2). Because they were fraudulently joined, their citizenship should be ignored.

## DIVERSITY JURISDICTION IS PROPER

### A.     The Amount in Controversy Requirement Is Satisfied

5.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required

---

[1] All Defendants reserve their rights with respect to the propriety or sufficiency of service in light of the use of the word "served."

by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

6.      Under 28 U.S.C. § 1446(c)(2)(A)(ii), a defendant may assert the amount in controversy in its notice of removal if removing from a jurisdiction where "[s]tate practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."   Removal of a lawsuit is proper upon the defendant's assertion of the amount in controversy if the district court finds by a preponderance of the evidence that the amount in controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446 (c)(2)(B); *see also Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (holding that where the plaintiff has not specifically averred the amount in controversy is less than the jurisdictional minimum, remand is only proper where the court finds to legal certainty that the plaintiff cannot recover the jurisdictional amount).

7.      Plaintiff's Complaint seeks damages, exclusive of interest and costs, "which exceeds the sum of fifty thousand dollars ($50,000)" and also "in excess of the jurisdictional minimum" of the Court of Common Pleas. (Ex. A-1, Compl. ¶ 16; *see also* "Relief Requested," page 32). It is apparent from the face of the Complaint, and the injuries alleged by plaintiff, that the amount in controversy in this action exceeds $75,000. Plaintiff claims that as a direct result of her use of the ParaGard, plaintiff "suffered from having a broken arm of the ParaGard in her" causing her to undergo "a hysteroscopy to remove the remaining embedded arm." (Ex. A-1, Compl. ¶¶ 39-40.) She asserts this caused her damage, including, but not limited to, "pain, suffering, mental anguish, the loss of reproductive health, loss of enjoyment of life, medical expenses and other out-of-pocket losses and loss of income." (*Id.*, ¶ 40.)

8.      Where, as here, a plaintiff alleges she has suffered serious bodily injuries, courts

have readily found that the amount-in-controversy requirement is satisfied. *See, e.g., Varzally v. Sears, Roebuck & Co.*, No. 09-CV-6137, 2010 WL 3212482, at *2 (E.D. Pa. July 30, 2010) (where plaintiff alleged injuries to his neck, right shoulder and right arm, requiring medical treatment and physical therapy, wage losses from having to take time off from work to recover from his injuries, and continuing medical problems, amount in controversy met); *Viens v. Wal–Mart Stores, Inc.*, No. 96–CV–2602, 1997 WL 114763, at *2–3 (D. Conn. Mar. 4, 1997) (finding reasonable probability that amount in controversy requirement was satisfied when plaintiff's complaint alleged severe injuries and lost wages).

9.  Accordingly, although Defendants deny any liability or that they are responsible in any way for plaintiff's alleged damages, based upon plaintiff's characterization of the alleged damages at issue, the amount-in-controversy requirement is satisfied.

**B.    There is Complete Diversity**

10.  Lauren Wallis is a citizen of Utah. (Compl. ¶ 1.)

11.  Defendant Teva Women's Health, Inc., was incorporated in Delaware with its principal place of business in Ohio. Teva Women's Health, Inc., was not properly joined or served in this matter.

12.  Defendant Teva Pharmaceuticals USA, Inc., is incorporated in Delaware and has its principal place of business in Pennsylvania. *See, e.g.,* Ex. A-1, Compl. ¶ 2. Therefore, for diversity purposes, Teva Pharmaceuticals USA, Inc., is deemed to be a citizen of Delaware and Pennsylvania. Teva Pharmaceuticals USA, Inc.'s citizenship should be ignored because, as discussed below, it was fraudulently joined in this suit.

13.  Defendant Teva Branded Pharmaceutical Products R&D, Inc., is incorporated in Delaware and has its principal place of business in Pennsylvania. *See e.g.,* Ex. A-1, Compl. ¶ 4.

Therefore, for diversity purposes, Teva Branded Pharmaceutical Products R&D, Inc., is deemed to be a citizen of Delaware and Pennsylvania. Teva Branded Pharmaceutical Products R&D, Inc.'s citizenship should be ignored because, as discussed below, it was fraudulently joined in this suit.

14. Defendant The Cooper Companies, Inc., is incorporated in Delaware and has its principal place of business in California. *See e.g.,* Ex. A-1, Compl. ¶ 5. Therefore, for diversity purposes, The Cooper Companies, Inc., is deemed to be a citizen of Delaware and California. Although diverse from plaintiff, The Cooper Companies, Inc.'s citizenship also should be ignored because it was fraudulently joined in this suit.

15. Defendant CooperSurgical, Inc., is incorporated in Delaware and has its principal place of business in Connecticut. *See e.g.,* Ex. A-1, Compl. ¶ 6. Therefore, for diversity purposes, CooperSurgical, Inc., is deemed to be a citizen of Delaware and Connecticut. Although diverse from plaintiff, CooperSurgical, Inc.'s citizenship also should be ignored because it was fraudulently joined in this suit.

16. Thus, but for plaintiff's fraudulent joinder of forum defendants, complete diversity would exist between plaintiff and defendants.

**C.     Plaintiff Has Fraudulently Joined Teva Pharmaceuticals USA, Inc., Teva Branded Pharmaceutical Products R&D, Inc., The Cooper Companies, Inc., and Cooper Surgical, Inc.**

17. "Because the 'right of removal cannot be defeated by fraudulent joinder of a resident defendant,' a district court may disregard the citizenship of any fraudulently joined defendant when assessing the propriety of removal...." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 624 F. Supp. 2d 396, 411 (E.D. Pa. 2009) (citation omitted). "[J]oinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against

the joined defendant, or no real intention in good faith to prosecute the action against defendant or seek a joint judgment.'" *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2016) (quoting *Abels v. State Farm Firs & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).

18.    A court should not "accept blindly whatever plaintiffs may assert no matter how incredible or how contrary to the overwhelming weight of the evidence." *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, No. MDL 1203, 2004 WL 1824357, at *2 (E.D. Pa. Aug. 12, 2004). Indeed, "a court can look to more than just the pleading allegations to identify indicia of fraudulent joinder." *In re Briscoe*, 448 F.3d at 218. Finally, disputed issues regarding fraudulent joinder require the district court to make a determination of the facts from the evidence. *In re Diet Drugs*, 2004 WL 1824357, at *2 (citing *Wilson v. Republic Iron & Steele Co.*, 257 U.S. 92, 98 (1921)).

### 1. Teva Pharmaceuticals USA, Inc.

19.    Teva Pharmaceuticals USA, Inc., did not manufacture or sell the ParaGard IUD allegedly placed in plaintiff.

20.    Accordingly, plaintiff cannot bring a product liability claim against Teva Pharmaceuticals USA, Inc., under Utah law. *See Bylsma v. Willey*, 416 P.3d 595, 604 (Utah 2017) (holding that liability is imposed only on defendants that sell or manufacture product alleged to cause injury to plaintiff).

21.    Under Pennsylvania law, plaintiff's claims also fail. *See Mellon v. Barre-Nat'l Drug Co.*, 636 A.2d 187, 191-92 (Pa. Super. 1993), *appeal denied*, 648 A.2d 789 (Pa. 1994) (holding that absent identification of defendant as manufacturer, distributor, or seller of product in questions "there can be no allegations of duty, breach of duty, or legal causation, and hence there can be no liability.") (citations omitted); *Long v. Krueger, Inc.*, 686 F. Supp. 514, 517 (E.D.

Pa. 1988) ("In a product liability case, the plaintiff must identify the defendant as the manufacturer or seller of the offending product before a plaintiff's injuries may be found to be proximately caused by the negligence of the defendant.")

## 2. Teva Branded Pharmaceutical Products R&D, Inc.

22. Teva Branded Pharmaceutical Products R&D, Inc., did not manufacture or sell the ParaGard IUD allegedly placed in plaintiff.

23. Accordingly, Teva Branded Pharmaceutical Products R&D, Inc., cannot have liability to plaintiff under Utah law. *Bylsma*, 416 P.3d at 604.

24. Under Pennsylvania law, plaintiff's claims also fail. *Mellon*, 636 A.2d at 191-92; *Long*, 686 F. Supp. at 517.

## 3. The Cooper Companies, Inc.

25. The Cooper Companies, Inc., did not manufacture or sell the ParaGard IUD allegedly placed in plaintiff.

26. Accordingly, plaintiff cannot bring a product liability claim against The Cooper Companies, Inc., under Utah law. *Bylsma*, 416 P.3d at 604.

27. Under Pennsylvania law, plaintiff's claims also fail. *Mellon*, 636 A.2d at 191-92; *Long*, 686 F. Supp. at 517.

## 4. CooperSurgical, Inc.

28. Although neither a forum nor diversity destroying defendant, CooperSurgical, Inc., did not manufacture or sell the ParaGard IUD allegedly placed in plaintiff.

29. Accordingly, CooperSurgical, Inc., cannot have liability to plaintiff under Utah law. *Bylsma*, 416 P.3d at 604.

30. Under Pennsylvania law, plaintiff's claims also fail. *Mellon*, 636 A.2d at 191-92; *Long*, 686 F. Supp. at 517.

## **THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

31. This is a civil action within the meaning of the Acts of Congress relating to removal of cases. *See generally* 28 U.S.C. § 1446(a)-(b).

32. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because Teva Pharmaceuticals USA, Inc., Teva Branded Pharmaceutical Products R&D, Inc., The Cooper Companies, Inc., and CooperSurgical, Inc., were each served with a copy of the Complaint on August 17, 2018. Teva Women's Health, Inc., has not been properly joined or served in this matter. The time to remove the action runs from service of the Summons and Complaint, together, not from the earlier-filed (and earlier-served) Praecipe for Issuance of a Writ of Summons. "[A] writ of summons alone [is not] the 'initial pleading' that triggers the 30-day period for removal...." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2015).

33. Teva Pharmaceuticals USA, Inc., Teva Branded Pharmaceutical Products R&D, Inc., The Cooper Companies, Inc., and CooperSurgical, Inc., are fraudulently joined in this action. Accordingly, their consent is not required for removal. *See Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995); *see also In re Diet Drugs Prods. Liab. Litig.*, 220 F. Supp. 2d 414, 419 (E.D. Pa. 2002) ("The unanimity rule ... is not applicable with respect to any defendant who has been fraudulently joined.") Nevertheless, each defendant by joining in this Notice of Removal consents to removal of this suit.

34. The Court of Common Pleas, Philadelphia County, the court in which this action was filed, is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

35.     Copies of all process, pleadings, orders, and other documents on file with the Court of Common Pleas, Philadelphia County, Pennsylvania are attached hereto. (*See* Ex. A-1 – A-5.)

36.     A copy of this Notice of Removal is being filed with the Court of Common Pleas, Philadelphia County, Pennsylvania.

37.     Written notice of removal is also being given promptly to plaintiff, by service upon her attorneys of record.

38.     Defendants reserve the right to amend or supplement this Notice of Removal.

39.     By filing this Notice of Removal, the removing Defendants do not waive, either expressly or implicitly, their rights to assert any defenses available under state and/or federal law. All such defenses are expressly reserved and preserved.

WHEREFORE, Defendants Teva Women's Health, Inc., Teva Pharmaceuticals USA, Inc., Teva Branded Pharmaceutical Products R&D, Inc., The Cooper Companies, Inc., and CooperSurgical, Inc., hereby remove this action from the Court of Common Pleas, Philadelphia County, Pennsylvania, where it is pending under March Term, 2018, No. 00601, to this Court.

Respectfully submitted,

By:     _____
        Gregory T. Sturges, Esq. (Pa. I.D. No. 200992)
        Greenberg Traurig, LLP
        2700 Two Commerce Square
        2001 Market Street
        Philadelphia, PA  19103
        Tel: (215) 988-7820
        Fax: (215) 717-5238
        sturgesg@gtlaw.com

Frederick M. Erny, Esq. (Pa. I.D. No. 52007)
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Tel: (513) 698-5144
Fax: (513) 698-5145
ferny@ulmer.com

*Attorneys for Defendants*
*Teva Women's Health, Inc.,*
*Teva Pharmaceuticals USA, Inc.,*
*Teva Branded Pharmaceutical Products R&D, Inc.,*
*The Cooper Companies, Inc., and*
*CooperSurgical, Inc.,*

## CERTIFICATE OF SERVICE

On this 14th day of September, 2018, the undersigned certifies that a true and correct copy of the foregoing Notice of Removal was served by U.S. Mail, first class postage prepaid, and by electronic mail upon the following counsel of record:

Derek T. Braslow, Esq.
Pogust Braslow & Millrood, LLC
Eight Tower Bridge, Suite 940
161 Washington Street
Conshohocken, PA 19428
dbraslow@pbmattorneys.com

Tim Clark, Esq.
Sanders Phillips Grossman LLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
TClark@thesandersfirm.com

Gregory T. Sturges

# EXHIBIT A

# EXHIBIT A-1

**POGUST BRASLOW& MILLROOD LLC**
Derek T. Braslow, Esquire
Attorney ID 78994
Eight Tower Bridge, Suite 940
161 Washington Street
Conshohocken, PA 19428
Tel: (610) 941-4204

**SANDERS PHILLIPS GROSSMAN LLC**
Tim Clark, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
(516) 741-5600

*Attorneys for Plaintiff*

| | |
|---|---|
| **LAUREN WALLIS** <br> Redacted <br><br>             **Plaintiff,** <br><br> **v.** <br><br> **TEVA PHARMACEUTICALS USA, INC.** <br> 1090 Horsham Road <br> North Wales, PA 19454 <br><br>     **and** <br><br> **TEVA WOMEN'S HEALTH, INC.** <br> 425 Privet Road <br> Horsham, PA 19044 <br><br>     **and** <br><br> **TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC.** <br> 41 Moores Road <br> Frazer, PA 19355 <br><br>     **and** <br><br> **THE COOPER COMPANIES, INC.** <br> 6140 Stoneridge Mall Road, Suite 590 <br> Plesanton,CA94588 <br><br>     **and** <br><br> **COOPERSURGICAL, INC.** <br> 95 Corporate Drive <br> Trumbull, CT 06611 <br>                 **Defendants.** | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS TRIAL DIVISION** <br><br> **MARCH TERM, 2018** <br><br> No.   0601 <br><br> **Jury Trial Demanded** <br><br> **Assessment of Damages Hearing is Required** |

## CIVIL ACTION COMPLAINT/NOTICE TO PLEAD

NOTICE  You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. PHILADELPHIA COUNTY BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE 1101 MARKET STREET, 11TH FLOOR PHILADELPHIA, PENNSYLVANIA 19107 TELEPHONE:   (215) 238-1701

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

AVISO  Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siquientes, tiene veinte (20) dias a partir de recibir esta demanda notificacion para entablar personalmente o por un abogado una comparesencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted sin previo aviso para conseguir el deniro demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante.  Usted puede perder dinero o propiendad u otros derechos importantes para usted.
USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE.  SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO) VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. ASOCIACION DE LICENCIADOR DE PHILADELPHIA VICIO DE REFERENCIA DE INFORMACION LEGAL 1101 MARKET STREET, 11TH FLOOR PHILADELPHIA, PENNSYLVANIA 19107 TELEFONO: (215) 238-1701
SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCION INFORMACION COBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOSE REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

Case ID: 180300601

2

POGUST BRASLOW& MILLROOD LLC
Derek T. Braslow, Esquire/78994
Eight Tower Bridge, Suite 940
161 Washington Street
Conshohocken, PA 19428
Tel: (610) 941-4204

SANDERS PHILLIPS GROSSMAN LLC
Tim Clark, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
(516) 741-5600

*Attorneys for Plaintiff*

LAUREN WALLIS
Redacted

                         **Plaintiff,**

v.

TEVA PHARMACEUTICALS USA, INC.
1090 Horsham Road
North Wales, PA 19454

      and

TEVA WOMEN'S HEALTH, INC.
425 Privet Road
Horsham, PA 19044

      and

TEVA BRANDED PHARMACEUTICAL PRODUCTS
R&D, INC.
41 Moores Road
Frazer, PA 19355

      and

THE COOPER COMPANIES, INC.
6140 Stoneridge Mall Road, Suite 590
Plesanton,CA 94588

      and

COOPERSURGICAL, INC.
95 Corporate Drive
Turmbull, CT 06611
                **Defendants.**

PHILADELPHIA COUNTY
COURT OF COMMON
PLEAS
TRIAL DIVISION

MARCH TERM 2018

No. 0601

Jury Trial Demanded

An Assessment of Damages
Hearing is Required

Case ID: 180300601

<u>**COMPLAINT AND JURY DEMAND**</u>

<u>**CIVIL ACTION**</u>

Plaintiff, Lauren Wallis, by and through her undersigned attorneys, files this complaint against Teva Pharmaceuticals USA, Inc., and Teva Women's Health, Inc., Teva Branded Pharmaceutical Products R&D, Inc., The Cooper Companies, Inc., and Coopersurgical, Inc., both jointly and severally, the companies that designed, developed, manufactured, tested, labeled, packaged, distributed, marketed and/or sold the Paragard Intrauterine medical device ("Paragard IUD") implanted into Plaintiff throughout the United States. Accordingly, Plaintiff alleges and states as follows:

<u>**PARTIES**</u>

1.      Plaintiff Lauren Wallis is an adult citizen and resident of the state of Utah, residing at Redacted who was implanted with Defendants' Paragard IUD.

2.      Defendant Teva Pharmaceuticals USA, Inc. ("Teva Pharmaceuticals") is a corporation with headquarters located at 1090 Horsham Rd. in North Wales, Pennsylvania. At all times relevant to this action, Teva Pharmaceuticals designed, developed, manufactured and marketed the Paragard IUD at issue.

3.      Defendant Teva Women's Health, Inc. ("Teva Women's Health") is a corporation with headquarters located at 425 Privet Rd., in Horsham, Pennsylvania and is and/or was a subsidiary of Defendants Teva Pharmaceuticals and Teva Branded Pharmaceutical Products R&D, Inc.("Teva R&D"). At all times relevant to this action, Teva Women's Health designed, developed, manufactured and marketed the Paragard IUD at issue.

4.      Defendant Teva R& D is a corporation with headquarters located at 41 Moores Rd. in Frazer, Pennsylvania (collectively Defendants Teva Pharmaceuticals, Teva Women's Health and Teva R&D are referred herein as the "Teva Defendants"). At all times relevant to this action, Teva R&D designed, developed, manufactured and marketed the Paragard at issue.

Case ID: 180300601

5. Defendant The Cooper Companies, Inc. ("The Cooper Companies") is a corporation with headquarters at 6140 Stoneridge Mall Rd. in Pleasanton, California. The Cooper Companies purchased the assets and global rights and business of the Paragard Intrauterine medical device in November 2017 for $1.1 Billion, including their manufacturing facility in Buffalo, New York.

6. Defendant Cooper Surgical, Inc. ("Cooper Surgical") is a corporation with headquarters at 95 Corporate Drive in Trumbull, Connecticut and a subsidiary of Defendant The Cooper Companies (collectively Defendants The Cooper Companies and Cooper Surgical are referred herein as the "Cooper Defendants").

7. At all times relevant hereto and alleged herein, the Teva Defendants conducted and continues to regularly conduct substantial business within the Commonwealth of Pennsylvania and within Philadelphia County, which included and continues to include, the research, manufacture, sale, distribution and marketing of the Paragard IUD, which is distributed through the stream of interstate commerce into Pennsylvania and Philadelphia County.

8. At all times relevant hereto and alleged herein, the Cooper Defendants conducted and continues to regularly conduct substantial business within the Commonwealth of Pennsylvania and within Philadelphia County.

9. At all times relevant and material hereto, Defendants were engaged in the business of researching, developing, designing, licensing, manufacturing, testing, distributing, selling, labeling, marketing, promoting, advertising, and/or introducing into interstate commerce throughout the United States, and in the Commonwealth of Pennsylvania, either directly or indirectly, through third-parties, subsidiaries and/or related entities, the Paragard IUD, a device used in the prevention of pregnancy, implanted in patients throughout the United States, including Plaintiff.

## JURISDICTION AND VENUE

10. Plaintiff incorporates by reference all of the above paragraphs.

11. Jurisdiction is proper over the Defendants based upon 42 Pa. C.S.A. 5301.

Case ID: 180300601

12.     This Court has proper jurisdiction over the Teva Defendants who are citizens and residents of the Commonwealth of Pennsylvania.

13.     The Court has personal jurisdiction over the Defendants pursuant to, and consistent with Pennsylvania's long-arm statute (42 Pa.C.S. 5322) and both the Commonwealth of Pennsylvania's and Federal Constitutional requirements of Due Process in so far that Defendants, acting through agents or apparent agents, committed one or more of the following:

a.   Defendants transacted and continue to transact, business in the Commonwealth of Pennsylvania, 42 Pa.C.S. 5322(a)(1), and conducted, and regularly conduct business, receive substantial revenues, and sell and perform services in Philadelphia, Philadelphia County, Pennsylvania;

b.   Defendants have an interest in, uses, or possess real property in the Commonwealth of Pennsylvania, 42 Pa.C.S.5322(a)(5);

c.   Requiring Defendants to litigate this claim in the Commonwealth of Pennsylvania does not offend traditional notions of fair play and substantial justice and is permitted by the U.S. Constitution.

14.     Venue is proper in this County pursuant to Pa. R.C.P. No. 2179, which provides, in relevant part, that "a personal action against a corporation or similar entity may be brought in and only in (1) the county where its registered office or principal place of business is located; (2) a county where it regularly conducts business," because all of the Defendants regularly conduct business in Philadelphia County.

15.     Jurisdiction and venue are proper in this Honorable Court, as Defendants all have sufficient contacts with the Commonwealth of Pennsylvania, including the City of Philadelphia, through their substantial and purposeful transaction of business there, including but not limited to their receipt of substantial compensation, revenues and/or profits, from sales of the subject medical device, the Paragard IUD.

16.     This is an action for damages, exclusive of interest and costs, which exceeds the sum of fifty thousand dollars ($50,000).

Case ID: 180300601

17.     Plaintiff's claims in the is action are brought solely under state law.  Plaintiff does not bring assert or allege, either expressly or impliedly, any causes of action arising under any federal law, statute, regulation or provision.  Thus, there is no federal jurisdiction in this action on the basis of a federal question under 28 U.S.C. 1331.

18.     Furthermore, federal diversity jurisdiction is lacking in this matter as complete diversity does not exist between the parties and therefor the federal courts lack jurisdiction under 28 U.S.C. 1332.

## DEFENDANTS' IUD PRODUCT

19.     At all relevant times, the Defendants designed, researched, manufactured, labeled, packaged, promoted, marketed and/or sold the Paragard IUD at issue after receiving 510k clearance from the United States Food and Drug Administration.

20.     Paragard is an intrauterine device that can provide long term birth control, up to 10 years, without hormones.

21.     The Paragard device is a T-shaped plastic frame made of polyethylene and barium sulfate that is inserted into the uterus.  Copper wire coiled around the device produces an inflammatory reaction that is toxic to sperm and egg.  A monofilament polyethylene thread is tied through the tip, resulting in two white threads, which aid in the detection and removal of the device.

22.     In 2008, Teva became the owner of Paragard when it acquired Duramed Pharmaceuticals through its purchase of Barr Pharmaceuticals.

23.     Paragard is currently sold only in the U.S. and had earned revenues of approximately $168 million for the twelve month period ending June 30, 2017.

## FACTUAL BACKGROUND

24.     At all times relevant, Defendants engaged in extensive mass media direct-to-consumer advertising of Paragard for the purpose of increasing sales.

25.     The Paragard was marketed heavily by Defendants as being safe and effective, and promising fewer side effects than other birth control methods.

Case ID: 180300601

26. The marketing and promotional efforts of the Defendants, their advertisers, and sales force served to overstate the benefits of Paragard and minimize and downplay the risks. These promotional efforts were made while Defendants fraudulently withheld important safety information from health care providers and the public.

27. Prior to Plaintiff being implanted with the Paragard IUD, Defendants knew and should have known that the device was defective and unreasonably dangerous.

28. Defendants knew or should have known that Paragard can and does cause serious harm to individuals who use it, due to the risk of the Paragard's arm breaking upon removal.

29. Defendants knew of these risks form the trials they performed, their post-marketing experience and complaints, third party studies, and their own analysis of these studies, but took no action to adequately warn or remedy the defects and instead concealed, suppressed and failed to disclose or fix this danger.

30. The product warnings for Paragard were vague, incomplete or otherwise wholly inadequate to alert prescribing physicians and patients to the actual risks associated with Paragard.

31. Defendants' marketing and promotion, through its own website, sought to reassure physicians and patients that Defendants' longstanding record of quality and safety assurance.

32. Based upon these representations, upon which Plaintiff and her physician relied, Plaintiff had the Paragard implanted, believing it would be safe and effective.

33. Between 2005 and 2015, Defendants came into possession of "newly acquired evidence" in the FDA Maude database which warranted changes to the Paragard label.

34. Since 2010, the FDA has received over 1600 reports of Paragard breakage, with over 700 classified as serious.

35. In 2009, Plaintiff Lauren Wallis was implanted with Defendant's Paragard by a physician at North Crescent Surgery Center, without complication.

36. Plaintiff, a young and healthy woman, wanted a Paragard because it was a reversible form of birth control that would allow her to conceive in the future.

37. On May 17, 2017, Plaintiff went to Mari R. Stuart, CNW, WHNP., to have the Paragard removed.

Case ID: 180300601

38.     Ms. Stuart attempted to remove the Paragard as instructed by Teva, by grasping the Paragard by the forceps and pulling gently. Despite following the instructions provided by Teva, only a portion of the Paragard was retrieved with one arm missing.

39.     On July 14, 2017, Plaintiff underwent a hysteroscopy to remove the remaining embedded arm.

40.     As a direct result of Plaintiff's use of the Paragard, Plaintiff suffered from having a broken arm of the Paragard in her, causing her damage, including but not limited to pain, suffering, mental anguish, the loss of reproductive health, loss of enjoyment of life, medical expenses and other out of pocket losses and loss of income.

## DISCOVERY RULE, ESTOPPEL, AND FRAUDULENT CONCEALMENT

41.     Plaintiff incorporates by reference the factual portion of this Complaint as if fully set forth herein and additionally, or in the alternative, if same be necessary, allege as follows.

42.     Plaintiff plead that the discovery rule should be applied to toll the running of the statute of limitations until Plaintiff knew, or through the exercise of reasonable care and diligence should have known, of facts indicating that the Plaintiff had been injured, the cause of the injury and the tortuous nature of the wrongdoing that caused the injury.

43.     Despite diligent investigation by Plaintiff into the cause of her injuries, including consultations with Plaintiff's medical providers, the nature of Plaintiff's injuries and damages and their relation to the Plaintiff's Paragard IUD and Defendants' wrongful conduct was not discovered and could not have been discovered, until a date within the applicable statute of limitations for filing each of Plaintiff's claims. Therefore, under appropriate application of the discovery rule, Plaintiff's suit was filed well within the applicable statutory limitations period.

44.     Any applicable statutes of limitations have been tolled by the knowing and active concealment and denial of material facts known by the Defendants when they had a duty to disclose those facts. The Defendants' purposeful and fraudulent acts of concealment have keep Plaintiff ignorant of vital information essential to the pursuit of Plaintiff's claims, without any fault or lack of diligence on Plaintiff's part, for the purpose of obtaining delay on Plaintiff's filing of their causes of action. The Defendants' fraudulent concealment did result in such delay.

Case ID: 180300601

45.     Defendants' are estopped from relying on the statute of limitations defense because Defendants failed to timely disclose, among other things, facts evidencing the defective and unreasonably dangerous nature of their Paragard IUD.

## COUNT I- - STRICT LIABILITY MANUFACTURING DEFECT

46.     Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

47.     Defendants designed, set specifications, manufactured, prepared, compounded, assembled, processed, marketed, labeled, distributed and sold the Paragard IUD that was implanted into the Plaintiff.

48.     The Paragard IUD implanted in Plaintiff contained condition or conditions, which Defendants did not intend, at the time the Paragard IUD left Defendants' control and possession.

49.     Plaintiff and Plaintiffs' health care providers used the devices in a manner that was reasonably foreseeable to Defendants.

50.     As a result of this condition or these conditions, the products injured Plaintiff and failed to perform as safely as the ordinary consumer would expect when used in a reasonably foreseeable manner.

51.     The Paragard was defectively and/or improperly manufactured, rendering it defective and unreasonably dangerous and hazardous to Plaintiff.

52.     As a result of the manufacturing defects, the Paragard creates risks to the health and safety of the patients that are far more significant and devastating than the risks posed by other products and procedures available to treat the corresponding medical conditions, and which far outweigh the utility of the Paragard.

53.     Defendants have intentionally and recklessly manufactured the Paragard with wanton and willful disregard for the rights and health of the Plaintiffs and others, and with malice, placing their economic interests above the health and safety of the Plaintiff and others.

Case ID: 180300601

54. As a proximate result of the Defendants' manufacture of the Paragard, Plaintiff has been injured catastrophically, and sustained severe and permanent pain, suffering, disability, and impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages, for punitive damages and for costs, in an as yet unliquidated sum in excess of $50,000.00, and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

## COUNT II - STRICT LIABILITY DESIGN DEFECT

55. Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

56. The Paragard is inherently dangerous and defective, unfit and unsafe for its intended and reasonably foreseeable uses, and does not meet or perform to the expectations of patients and their health care providers.

57. The Paragard IUD was expected to, and did, reach its intended consumer without substantial change in the condition in which it was in when it left Defendants' possession.

58. The Paragard IUD implanted in Plaintiff was defective in design because it failed to perform as safely as persons who ordinarily use the products would have expected at time of use.

59. The Paragard IUD implanted in Plaintiff was defective in design, in that the IUD's risks of harm exceeded its claimed benefits.

60. Plaintiff and her healthcare providers used the Paragard IUD in a manner that was reasonably foreseeable to the Defendants.

61. Neither Plaintiff nor her healthcare providers could have by the exercise of reasonable care discovered the IUD's defective conditions or perceived its unreasonable dangers prior to her implantation of the device.

62. As a result of the foregoing design defects, the Paragard created risks to the health and safety of its users that were far more significant and devastating than the risks posed by other

Case ID: 180300601

products and procedures available to treat the corresponding medical conditions, and which far outweigh the utility of the Paragard.

63. Defendants have intentionally and recklessly designed the Paragard with wanton and willful disregard for the rights and health of the Plaintiff and others, and with malice, placing their economic interests above the health and safety of the Plaintiff and others.

64. As a proximate result of the Defendants' design of the Paragard, Plaintiff has been injured catastrophically, and sustained severe and permanent pain, suffering, disability, and impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages, for punitive damages and for costs, in an as yet unliquidated sum in excess of $50,000.00, and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

## COUNT III - STRICT LIABILITY FAILURE TO WARN

65. Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

66. Defendants designed, set specifications, manufactured, prepared, compounded, assembled, processed, marketed, labeled, distributed and sold the Paragard IUD, including the one implanted into Plaintiff, into the stream of commerce and in the course of same, directly advertised and marketed the device to consumers or persons responsible for consumers.

67. At the time Defendants designed set specifications, manufactured, prepared, compounded, assembled, processed, marketed, labeled, distributed and sold the Paragard IUD into the stream of commerce, Defendants knew or should have known that the device presented an unreasonable danger to users of the product when put to its intended and reasonably anticipated use.

68. Specifically, Defendants knew or should have known that the Paragard IUD posed a significant risk that one of the arms of the device could break upon removal, resulting in significant injuries.

Case ID: 180300601

69.     Defendants had a duty to warn of the risk of harm associated with the use of the device and to provide adequate warnings concerning the risk the device could break upon removal, even if implanted properly and even if the device remains properly in-place.

70.     Defendants failed to properly and adequately warn and instruct the Plaintiff and her health care providers with regard to the inadequate research and testing of the Paragard, and the complete lack of a safe, effective procedure for removal of the Paragard.

71.     The risks associated with the Paragard IUD are of such a nature that health care providers and users could not have recognized the potential harm.

72.     The Paragard IUD was defective and unreasonably dangerous at the time of its release into the stream of commerce due to the inadequate warnings, labeling and/or instructions accompanying the product.

73.     The Paragard IUD implanted in Plaintiff was in the same condition as when it was manufactured, inspected, marketed, labeled, promoted, distributed and sold by the Defendants.

74.     The Defendants intentionally, recklessly, and maliciously misrepresented the safety, risks, and benefits in order to advance their own financial interests, with wanton and willful disregard for the rights and health of the Plaintiff.

75.     As a proximate result of the Defendants' design, manufacture, marketing, sale and/or distribution of the Paragard, Plaintiff has been injured catastrophically, and sustained severe and permanent pain, suffering, disability, and impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages, for punitive damages and for costs, in an as yet unliquidated sum in excess of $50,000.00, and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

## COUNT IV – NEGLIGENCE

76.     Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

Case ID: 180300601

77. At all times relevant, the Defendants were in the business of designing, developing, setting specifications, manufacturing, marketing, selling and/or distributing the Paragard IUD, including the one that was implanted into the Plaintiff.

78. Defendants had a duty to exercise reasonable and ordinary care in the manufacture, design, labeling, instructions, warnings, sale, marketing, and distribution of the Paragard so as to avoid exposing others to foreseeable and unreasonable risks of harm.

79. Defendants breached their duty of care to the Plaintiff and her physicians, in the manufacture, design, labeling, warnings, instructions, sale, marketing, and distribution of the Paragard.

80. Defendants knew or reasonably should have known that the Paragard IUD was dangerous or likely to be dangerous when used in its intended or reasonably foreseeable manner.

81. At the time of the manufacture and sale of the Paragard IUD, Defendants knew or should have known that the Paragard IUD was designed and manufactured in such a manner so as to present an unreasonable risk of the fracture of the arm of the device upon removal.

82. At the time of the manufacturer and sale of the Paragard IUD, Defendants knew or should have known that the Paragard IUD was designed and manufactured to have unreasonable and insufficient strength or structural integrity to withstand normal placement and subsequent removal.

83. At the time of the manufacturer and sale of the Paragard IUD, Defendants knew or should have known that using the Paragard IUD for its intended use or in a reasonably foreseeable manner created a significant risk of a patient suffering severe injuries, including but not limited to additional surgeries and medical procedures in order to remove the device and hysterectomy.

84. Defendants knew or reasonably should have known that the consumers of the Paragard IUD would not realize the danger associated with using the device for its intended use and/or in a reasonably foreseeable manner.

85. Defendants breached their duty to exercise reasonable and prudent care in the development, testing, design, manufacture, inspection, marketing, labeling, promotion, distribution and sale of the Paragard IUD in, among others, the following ways:

Case ID: 180300601

a. Designing and distributing a product in which they knew or should have known that the likelihood and severity of potential harm from the product exceeded the burden of taking measures to reduce or avoid harm;

b. Designing and distributing a product in which they knew or should have known that the likelihood and severity of potential harm from the product exceeded the likelihood of potential harm from other device available for the same purpose;

c. Failing to use reasonable care in manufacturing the product and producing a product that differed from their design or specifications;

d. Failing to use reasonable care to warn or instruct, including pre-and post-sale, Plaintiff, Plaintiff's healthcare providers or the general health care community about the Paragard IUD's substantially dangerous condition or about facts making the product likely to be dangerous;

e. Failing to perform reasonable pre-and post-market testing of the filters to determine whether or not the product was safe for its intended use;

f. Failing to provide adequate instructions, guidelines, and safety precautions, including pre-and post-sale, to those persons to whom it was reasonably foreseeable would recommend, use and implant the Paragard IUD;

g. Advertising, marketing and recommending the use of the filters, while concealing and failing to disclose or warn of the dangers known by the Defendants to be connected with and inherent in the use of the Paragard IUD;

h. Representing that the Paragard IUD was safe for its intended use when in fact, Defendants knew and should have known the product was not safe for its intended purpose;

i. Continuing manufacture and sale of the Paragard IUD with the knowledge that the IUD was dangerous and not reasonably safe, and failing to comply with FDA good manufacturing regulations;

Case ID: 180300601

j.  Failing to use reasonable and prudent care in the design, research, manufacture, and development of the Paragard IUD so as to avoid the risk of serious harm associated with the use of the IUD;

k.  Failing to establish an adequate quality assurance program used in the manufacturing of the Paragard IUD; and

l.  Failing to establish and maintain an adequate post-marketing surveillance program for the Paragard IUD.

86.  A reasonable manufacturer, distributor, seller under the same or similar circumstances would not have engaged in the aforementioned acts and omissions.

87.  As a direct and proximate result of the Defendants' design, manufacture, marketing, sale and/or distribution of the Paragard, Plaintiff has been injured catastrophically, and sustained severe and permanent pain, suffering, disability, and impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages, for punitive damages and for costs, in an as yet unliquidated sum in excess of $50,000.00, and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

## COUNT V - COMMON LAW FRAUD

88.  Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

89.  The Defendants falsely and fraudulently have represented and continue to represent to the medical and healthcare community, Plaintiff and her physicians, and/or the public that the Paragard IUD had been appropriately tested and was found to be safe and effective.

90.  The representations made by the Defendants were, in fact, false. When the Defendants made their representations, they knew and/or had reason to know that those representations were false, and they willfully, wantonly, and recklessly disregarded the inaccuracies in their representations and the dangers and health risks to users of the Paragard.

Case ID: 180300601

91.     These representations were made by the Defendants with the intent of defrauding and deceiving the medical community, Plaintiff, and the public, and also inducing the medical community, Plaintiff, Plaintiff's physicians, and/or the public, to recommend, prescribe, dispense, and purchase the Paragard for use as a form of long-term birth control, all of which evidenced a callous, reckless, willful, and depraved indifference to the health, safety, and welfare of Plaintiff.

92.     In representations to Plaintiff and/or to her healthcare providers, the Defendants fraudulently concealed and intentionally omitted the following material information:

    a.   That the Paragard were not as safe as other products and procedures available to treat incontinence and/or prolapse;

    b.   That the risk of adverse events with the Paragard was higher than with other products and procedures available for birth control;

    c.   The Paragard IUD was not adequately tested;

    d.   That the limited clinical testing the Paragard IUD had a higher risk of adverse events, in addition to, and above and beyond those associated with other products and procedures available for birth control;

    e.   That Defendants deliberately failed to follow up on the adverse results from clinical studies and formal and informal reports from physicians and other healthcare providers and either ignored, concealed and/or misrepresented those findings;

    f.   That Defendants were aware of dangers in the Paragard IUD in addition to and above and beyond those associated with other products and procedures available for birth control;

    g.   That the Paragard IUD was defective, and that it caused dangerous and adverse side effects, including but not limited to unacceptable incidence of breakage upon removal;

    h.   That when the Paragard IUD needed to be removed, the procedure to remove them had a very high failure rate and/or needed to be performed repeatedly;

    i.   That the Paragard IUD was manufactured negligently;

Case ID: 180300601

j.  That the Paragard IUD was manufactured defectively; and

k.  That the Paragard IUD was designed negligently and designed defectively.

93.  The Defendants were under a duty to disclose to Plaintiff and her physicians, the defective nature of the Paragard, including but not limited to, the risk of breakage and breakage of upon removal, which could result in permanent injury.

94.  The Defendants had sole access to material facts concerning the defective nature of the products and their propensity to cause serious and dangerous side effects and hence, cause dangerous injuries and damage to persons who used the Paragard, such as Plaintiff.

95.  The Defendants' concealment and omissions of material facts concerning the safety of the Paragard IUD were made purposefully, willfully, wantonly, and/or recklessly to mislead Plaintiff, Plaintiff's physicians, surgeons and healthcare providers and to induce them to purchase, prescribe, and/or dispense the Paragard IUD; and/or to mislead them into reliance upon and cause them to use the Paragard IUD.

96.  At the time these representations were made by Defendants, and at the time Plaintiff and/or her physicians, used the Paragard IUD, Plaintiff and/or her physicians were unaware of the falsehood of these representations, and reasonably believed them to be true.

97.  The Defendants knew and had reason to know that the Paragard IUD could and would cause severe and grievous personal injury to the users of the product and was inherently dangerous in a manner that exceeded any purported, inaccurate, or otherwise downplayed warnings.

98.  In reliance upon these false representations, Plaintiff and her physicians were induced to, and did use the Paragard IUD, thereby causing severe and permanent personal injuries and damages to Plaintiff. The Defendants knew or had reason to know that the Plaintiff and her physicians and other healthcare providers had no way to determine the truth behind the Defendants' concealment and omissions, and that these included material omissions of facts surrounding the use of the Paragard IUD, as described in detail herein.

99. Plaintiff and her physicians reasonably relied on facts provided by the Defendants which foreseeably and purposefully suppressed and concealed facts that were critical to understanding the real dangers inherent to the use of the Paragard IUD.

100. Having knowledge based on the Defendants research and testing, or lack thereof, Defendants blatantly and intentionally distributed false information, including but not limited to assurances to Plaintiff, the public, and Plaintiff's healthcare providers and physicians, that the Paragard IUD was safe for use as a means of providing long-term birth control relief from and was as safe or safer than other product and/or procedures available and on the market. As a result of Defendants' research and testing, or lack thereof, these Defendants intentionally omitted, concealed and suppressed the dissemination of certain results of testing and research to healthcare professionals, Plaintiff, her physicians, and the public at large.

101. The Defendants had a duty when disseminating information to the public to disseminate truthful information; and a parallel duty not to deceive the public, Plaintiff, and/or her physicians.

102. The information distributed to the public, the medical community, Plaintiff and her physicians by the Defendants included, but was not limited to websites, information presented at medical and professional meetings, information disseminated by sales representatives to physicians and other medical care providers, professional literature, reports, press releases, advertising campaigns, television commercials, print advertisements, and/or other commercial media, and contained material representations which were false and misleading, as well as omissions and concealments of the truth about the dangers of the use of the Paragard IUD.

103. These representations, and others made by the Defendants, were false when made and/or were made with the pretense of actual knowledge when such knowledge did not actually exist, and were made recklessly and without regard to the true facts.

104. The Defendants recklessly and/or intentionally falsely represented the dangerous and serious health and safety concerns inherent in the use of the Paragard to Plaintiff, her physicians and the public at large, for the purpose of influencing the sales of products known to be dangerous and defective, and/or not as safe as other alternatives.

Case ID: 180300601

105. At the time the representations were made, Plaintiff and her healthcare providers did not know the truth about the dangers and serious health and/or safety risks inherent in the use of the Paragard.

106. Plaintiff did not discover the true facts about the dangers and serious health and/or safety risks, nor did Plaintiff discover the false representations of the Defendants, nor would Plaintiff with reasonable diligence have discovered the true facts about the Defendant's misrepresentations at the time when the Paragard IUD was surgically implanted into her.

107. Had Plaintiff known the true facts about the dangers and serious health and/or safety risks of the Paragard IUD, neither Plaintiff nor her physician would not have purchased, used, or relied on Defendants' representations and omissions concerning the Paragard IUD.

108. As a proximate result of the Defendants' design, manufacture, marketing, sale and/or distribution of the Paragard IUD, Plaintiff has been seriously injured, and sustained severe and permanent injury, pain, suffering, disability, and impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages, for punitive damages and for costs, in an as yet unliquidated sum in excess of $50,000.00, and such other relief as this Court deems just and for a trial by jury on all issues as triable as a matter of right.

## COUNT VI - NEGLIGENT MISREPRESENTATION

109. Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

110. At all relevant times, Defendants negligently provided Plaintiff, her healthcare providers, and the general medical community with false or incorrect information, or omitted or failed to disclose material information concerning the Paragard IUD, including, but not limited to, misrepresentations regarding the safety of the Paragard IUD.

111. The information distributed by the Defendant to the public, the medical community, the Plaintiff and her healthcare providers, including advertising campaigns, labeling

Case ID: 180300601

materials, print advertisements, commercial media, was false and misleading and contained omissions and concealment of truth about the dangers of the Paragard IUD.

112.     Defendants' intent and purpose in making these misrepresentations was to deceive and defraud the public and the medical community, including Plaintiff and Plaintiffs' health care providers; to falsely assure them of the quality of the Paragard IUD and the induce the public and medical community, including Plaintiff and her healthcare provider to request, recommend, prescribe, implant, purchase and continue to use the Paragard IUD.

113.     The Defendants had a duty to accurately and truthfully represent to the medical and healthcare community, medical device manufacturers, Plaintiff , her healthcare providers and the public, that the Paragard IUD had been tested and found to be safe and effective for long term birth control.

114.     The representations made by the Defendants were, in fact, false. The Paragard IUD was not safe for human use in its intended and reasonably foreseeable manner.  Use of the Paragard IUD is dangerous as there is a risk that it fractures upon removing the device and causing further injury.

115.     In reliance upon the false and negligent misrepresentations and omissions made by the Defendants, Plaintiff and Plaintiff's healthcare providers were induced to, and did use the Paragard IUD, thereby causing Plaintiff to endure severe and permanent injuries.

116.     Defendants knew and had reason to know that the Plaintiff, Plaintiff's healthcare providers, and the general medical community did not have the ability to determine the true facts which were intentionally and/or negligently concealed and misrepresented by the Defendants.

117.     Plaintiff and her healthcare providers would not have recommended and implanted Paragard IUD had the true facts not been concealed by the Defendants.

118.     Defendants had sole access to the material facts concerning the defective nature of the Paragard IUD and its propensity to cause serious and dangerous side injuries.

119.     At the time Defendants failed to disclose and misrepresented the foregoing facts, and at the time Plaintiff was implanted with the Paragard IUD, Plaintiff and her healthcare providers were unaware of Defendants'' negligent misrepresentations and omissions.

120.     The Defendants failed to exercise ordinary care in making representations concerning the Paragard IUD while they were involved in their manufacture, sale, testing, quality assurance, quality control, and distribution in interstate commerce, because the Defendants negligently misrepresented the Paragard's high risk of unreasonable and dangerous adverse side effects.

121.     The Defendants breached their duty in representing that the Paragard IUD has no serious side effects different from older generations of similar products or procedures to Plaintiff, her physicians, and the medical and healthcare community.

122.     Plaintiff and Plaintiff's healthcare providers reasonably relied upon the misrepresentations and omissions made by the Defendants where the concealed and misrepresented facts were critical to understanding the true dangers inherent in the use of the Paragard IUD.

123.     Plaintiffs and Plaintiff's healthcare providers' reliance on the foregoing misrepresentations and omissions was the direct and proximate cause of Plaintiffs injuries.

124.     The Defendants knew, and had reason to know, that the Paragard had been insufficiently tested, or had not been tested at all, that the products lacked adequate and accurate warnings, that they created a high risk, and/or higher than acceptable risk, and/or higher than reported risk that they represented a risk of adverse side effects, including, pain and suffering, surgery to remove the product, and other severe and personal injuries, which are permanent and lasting in nature.

125.     As a proximate result of the Defendants' design, manufacture, marketing, sale and/or distribution of the Paragard, Plaintiff has been injured catastrophically, and sustained severe and permanent pain, suffering, disability, and impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages, for punitive damages and for costs, in an as yet unliquidated sum in excess of $50,000.00, and such other relief as this Court deems just and for a trial by jury on all issues as triable as a matter of right.

Case ID: 180300601

## COUNT VII - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

126. Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

127. The Defendants carelessly and negligently manufactured, designed, developed, tested, labeled, marketed and sold the Paragard to Plaintiff and her physicians carelessly and negligently concealing the harmful effects of the Paragard from Plaintiffs and their physicians, and carelessly and negligently misrepresenting the quality, safety and efficacy of the products.

128. Plaintiff was directly impacted by the Defendants' carelessness and negligence, in that she has sustained and will continue to sustain emotional distress, severe physical injuries, economic losses, and other damages as a direct result of the decision to purchase and utilize the Paragard sold and distributed by the Defendants.

129. As a proximate result of the Defendants' design, manufacture, marketing, sale and/or distribution of the Paragard, Plaintiff has been injured catastrophically, and sustained severe and permanent pain, suffering, disability, and impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages, for punitive damages and for costs, in an as yet unliquidated sum in excess of $50,000.00, and such other relief as this Court deems just and for a trial by jury on all issues as triable as a matter of right.

## COUNT VIII - BREACH OF EXPRESS WARRANTY

130. Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

131. At all relevant times, the Defendants intended that the Paragard be used in the manner that Plaintiff used them and they expressly warranted that each product was safe and fit for use by consumers, that it was of merchantable quality, that its side effects were minimal and comparable to other treatments for long-term birth control, and that they were adequately tested and fit for their intended use.

132.   At all relevant times, the Defendants were aware that consumers, including Plaintiff, would use the Paragard; which is to say that Plaintiff was a foreseeable user of the Paragard.

133.   Plaintiff and/or her implanting physicians were at all relevant times in privity with the Defendants.

134.   Paragard was expected to reach and did in fact reach its ultimate consumer, including Plaintiff and her implanting physicians, without substantial change in the condition in which it was manufactured and sold by the Defendants.

135.   The Defendants breached various express warranties with respect to the Paragard including the following particulars:

    a.   The Defendants represented to Plaintiff and her physicians and healthcare providers through their labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that the Paragard was safe and fraudulently withheld and concealed information about the substantial risks of serious injury associated with using the Paragard;

    b.   The Defendants represented to Plaintiff and her physicians and healthcare providers that the Paragard was as safe, and/or safer than other alternative procedures and devices and fraudulently concealed information, which demonstrated that the Paragard was not safer than alternatives available on the market; and

    c.   The Defendants represented to Plaintiff and her physicians and healthcare providers that the Paragard was more efficacious than other alternatives and fraudulently concealed information regarding the true efficacy of the products.

136.   In reliance upon the Defendants' express warranties, Plaintiff was implanted with the Paragard as prescribed and directed, and therefore, in the foreseeable manner normally intended, recommended, promoted, and marketed by the Defendants.

137.   At the time of making such express warranties, the Defendants knew or should have known that the Paragard does not conform to these express representations because the

Case ID: 180300601

Paragard was not safe and had numerous side effects, many of which the Defendants did not accurately warn about, thus making the Paragard unreasonably unsafe for their intended purpose.

138. Members of the medical community, including physicians and other healthcare professionals, as well as Plaintiff and her physicians, relied upon the representations and warranties of the Defendants in connection with use, recommendation, description, and/or dispensing of the Paragard.

139. The Defendants breached their express warranties to Plaintiff in that the Paragard was not of merchantable quality, sage and fit for their intended uses, nor were they adequately tested.

140. The Defendants' breach constituted violations of common law principles and 13 Pa. Stat. Ann. §2313, *et seq.*

141. As a proximate result of the Defendants' design, manufacture, marketing, sale and/or distribution of the Paragard, Plaintiff has been injured catastrophically, and sustained severe and permanent pain, suffering, disability, and impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages, for punitive damages and for costs, in an as yet unliquidated sum in excess of $50,000.00, and such other relief as this Court deems just and for a trial by jury on all issues as triable as a matter of right.

### COUNT IX - BREACH OF IMPLIED WARRANTY

142. Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

143. At all relevant and material times, Defendants manufactured, distributed, advertised, promoted, and sold the Paragard.

144. At all relevant times, Defendants intended that the Paragard to be implanted for the purposes and in the manner that Plaintiff or her physicians or surgeons used them and the Defendants impliedly warranted each Paragard to be of merchantable quality, safe and fit for such use, and to have been adequately tested.

Case ID: 180300601

145. Defendants were aware that consumers, including Plaintiff or her physicians or surgeons would implant the Paragard in the manner described by the instructions for use and that Plaintiff was the foreseeable user of the Paragard.

146. Plaintiff and/or her physicians and surgeons were at all relevant times in privity with Defendants.

147. The Defendants' Paragard was expected to reach and did in fact reach consumers, including Plaintiff and/or her physicians and surgeons, without substantial change in the condition in which they manufactured and sold by Defendants.

148. Defendants breached various implied warranties with respect to the Paragard, including the following particulars:

    a. Defendants represented through their labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, medical literature, and regulatory submissions that the Paragard was safe and fraudulently withheld and concealed information about the substantial risks of serious injury associated with using the Paragard;

    b. Defendants represented that the Paragard was safe, and/or safer than other alternative devices or procedures and fraudulently concealed information, which demonstrated that the Paragard was not as sage or safer than alternatives available on the market; and

    c. Defendants represented that the Paragard was more efficacious than other alternative treatments and fraudulently concealed information, regarding the true efficacy of the Paragard.

149. In reliance upon Defendants' implied warranties, Plaintiff and/or her implanting physicians and surgeons used the Paragard as prescribed in the foreseeable manner normally intended, recommended, promoted, and marketed by Defendants.

150. Defendants breached their implied warranties to Plaintiff and/or her implanting physicians and surgeons in that the Paragard was not of merchantable quality, safe and fit for its

Case ID: 180300601

intended use, or adequately tested, in violation of common law principles and the following statutory provision: 13 Pa. Stat. Ann. §§2314 *et seq.*

151.    As a proximate result of the Defendants' design, manufacture, marketing, sale and/or distribution of the Paragard, Plaintiff has been injured catastrophically, and sustained severe and permanent pain, suffering, disability, and impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages, for punitive damages and for costs, in an as yet unliquidated sum in excess of $50,000.00, and such other relief as this Court deems just and for a trial by jury on all issues as triable as a matter of right.

## COUNT X - VIOLATION OF CONSUMER PROTECTION LAWS

152.    Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

153.    Plaintiff purchased and used the Paragard primarily for personal use and thereby suffered ascertainable losses as a result of the Defendants' actions in violation of the consumer protection laws.

154.    Had the Defendants not engaged in the deceptive conduct described herein, Plaintiff and her physicians would not have purchased and/or paid for the Paragard, and would not have incurred related medical costs and injury.

155.    The Defendants engaged in wrongful conduct while at the same time obtaining, under false pretenses, moneys from Plaintiff for the Paragard, that were implanted into her, and that would not have been paid for had the Defendants not engaged in unfair and deceptive conduct.

156.    Unfair methods of competition of deceptive acts or practices that were proscribed by law, including the following:

    a.    Representing that goods or services have characteristics, ingredients, uses benefits or quantities that they do not have;

    b.    Advertising goods or services with the intent not to sell them as advertised; and

Case ID: 180300601

c. Engaging in fraudulent or deceptive conduct that creates a likelihood of confusion or misunderstanding.

157. Plaintiff was injured by the cumulative and indivisible nature of the Defendants' conduct. The cumulative effect of the Defendants' conduct directed at patients, physicians and consumers, including the Plaintiff and her physicians, was to create demand for and sell the Paragard. Each aspect of the Defendants' conduct combined to artificially create sales of the Paragard.

158. The Defendants have a statutory duty to refrain from unfair or deceptive acts or trade practices in the design, labeling, development, manufacture, promotion, and sale of the Paragard.

159. Had the Defendants not engaged in the deceptive conduct described above, Plaintiff would not have purchased and/or paid for the Paragard, and would not have incurred related medical costs.

160. The Defendants' deceptive, unconscionable, or fraudulent representations and material omissions to patients, physicians and consumers, including Plaintiff and her physicians, constituted unfair and deceptive acts and trade practices in violation of the state consumer protection statutes, including but not limited to 79 Pa. Stat. §§201-1 *et seq.*

161. The Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts, or trade practices in violation of state consumer protection statutes, including but not limited to 79 Pa. Stat. §§201-1 *et seq.*

162. The Defendants have engaged in unfair competition or unfair or deceptive acts or trade practices or have made false representations in violation under the statute listed above to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising, the Defendants are the suppliers, manufacturers, advertisers, and sellers, who are subject to liability under such legislation for unfair, deceptive, fraudulent and unconscionable consumer sales practices.

163. The Defendants violated the statutes that were enacted to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false

Case ID: 180300601

advertising, by knowingly and falsely representing that the Paragard was fit to be used for the purpose for which they were intended, when in fact they were defective and dangerous, and by other acts alleged herein. These representations made in uniform promotional materials and product labeling.

164. The actions and omissions of the Defendants alleged herein are uncured or incurable deceptive acts under the statutes enacted in the states to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising.

165. The Defendants had actual knowledge of the defective and dangerous condition of the Paragard and failed to take any action to cure such defective and dangerous conditions.

166. Plaintiff and her implanting physicians and surgeons relied upon the Defendants' misrepresentations and omissions in determining which product and/or procedure to undergo and/or perform.

167. The Defendants' deceptive, unconscionable or fraudulent representations and material omissions to patients, physicians and consumers, constitute unfair and deceptive acts and practices.

168. By reason of the unlawful acts engaged by the Defendants, and as a direct and proximate result thereof, Plaintiff has suffered ascertainable losses and damages.

169. As a proximate result of the Defendants' design, manufacture, marketing, sale and/or distribution of the Paragard, Plaintiff has been injured catastrophically, and sustained severe and permanent pain, suffering, disability, and impairment, loss of enjoyment of life, loss of care, comfort, and economic damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages, for punitive damages and for costs, in an as yet unliquidated sum in excess of $50,000.00, and such other relief as this Court deems just and for a trial by jury on all issues as triable as a matter of right.

## COUNT XI - GROSS NEGLIGENCE

170.    Plaintiff realleges and incorporates by reference every allegation of this Complaint as if each were set forth fully and completely herein.

171.    The wrongs done by the Defendants were aggravated by the kind of malice, fraud, and grossly negligent disregard for the rights of others, the public, and Plaintiff, for which the law would allow, and which Plaintiff will seek at the appropriate time under governing law for the imposition of exemplary damages, in that Defendants' conduct was specifically intended to cause substantial injury to Plaintiff; or when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; or included a material representations that were false, with Defendants, knowing that they was false or with reckless disregard as to the truth and as a positive assertion, with the intent that the representation is acted on by Plaintiff.

172.    Plaintiff and her physicians relied on the representations of Defendants and suffered injury as a proximate result of this reliance.

173.    Plaintiff therefore will seek to assert claims for exemplary damages at the appropriate time under governing law in an amount within the jurisdictional limits of the Court.

174.    Plaintiff also alleges that the acts and omissions of Defendants, whether taken singularly or in combination with others, constitute gross negligence that proximately caused that injuries to Plaintiff. In that regard, Plaintiff will seek exemplary damages in an amount that would punish Defendants for their conduct and which would deter other manufacturers from engaging in such misconduct in the future.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages, for punitive damages and for costs, in an as yet unliquidated sum in excess of $50,000.00, and such other relief as this Court deems just and for a trial by jury on all issues as triable as a matter of right.

Case ID: 180300601

## COUNT XII – PUNITIVE DAMAGES

175.     Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

176.     At all times material hereto, Defendants knew or should have known that their Paragard, as designed, manufactured, assembled, sold and/or distributed was inherently dangerous.

177.     At all times material hereto, Defendants attempted to misrepresent and did misrepresent facts concerning the safety of their Paragard.

178.     Defendants' misrepresentations included knowingly withholding material information from the public and consumers alike, including Plaintiffs, concerning the safety of the Paragard.

179.     At all times material hereto, Defendants knew and recklessly disregarded the fact that their Paragard could cause serious, disabling, and permanent injuries to its individuals such as Plaintiffs.

180.     Notwithstanding the foregoing, Defendants continued to aggressively market and promote their Paragard IUD, without disclosing the risks.

181.     As a direct and proximate result of Defendants' willful, wanton, careless, reckless, conscious, and deliberate disregard for the rights and safety of their consumers, Plaintiff suffered severe and permanent physical and emotional injuries, has endured pain and suffering, has suffered economic loss, including incurring significant expenses for medical care and treatment, and will continue to incur such expenses in the future.

182.     Defendants' aforesaid conduct was committed with knowing, conscious, careless, reckless, willful, wanton, and deliberate disregard for the rights and safety of consumers, including Plaintiff, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and deter them from similar conduct in the future.

Case ID: 180300601

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages, for punitive damages and for costs, in an as yet unliquidated sum in excess of $50,000.00, and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

    (a)    For general (non-economic) and special (economic) damages in a sum in excess of the jurisdictional minimum of this Court;

    (b)    For medical, incidental, and hospital expenses according to proof;

    (c)    For pre-judgment and post-judgment interest as provided by law;

    (d)    For compensatory damages in excess of the jurisdictional minimum of this Court;

    (e)    For consequential damages in excess of the jurisdictional minimum of this Court;

    (f)    For punitive damages in an amount in excess of any jurisdictional minimum of this Court and in an amount sufficient to impress upon Defendants the seriousness of their conduct and to deter similar conduct in the future;

    (g)    For attorneys' fees, expenses, and costs of this action; and

Case ID: 180300601

(h)     For such further relief as this Court deems necessary, just, and proper.

Respectfully submitted,

Pogust Braslow & Millrood, LLC

Dated: August 11, 2018          By:     /s/Derek T. Braslow
                                        Derek T. Braslow, Esquire
                                        Eight Tower Bridge, Suite 940
                                        161 Washington Street
                                        Conshohocken, PA  19428
                                        dbraslow@pbmattorneys.com
                                        610-941-4204

                                        Tim Clark, Esquire
                                        100 Garden City Plaza, Suite 500
                                        Garden City, NY 11530
                                        Phone:  516-741-5600
                                        Fax:  516-741-0128

Case ID: 180300601

dotloop signature verification: [illegible]

# VERIFICATION

I, Lauren Wallis, the plaintiffs in the above-captioned action, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

Dated:

*Lauren Wallis*

dotloop verified
08/10/18 7:56PM EDT
PAOL-RS22-SUN9-PUZP

Lauren Wallis

Case ID: 180300601

# EXHIBIT A-2

**POGUST BRASLOW & MILLROOD, LLC**
By: **Derek Braslow, Esq., ID No. 78994**
**Sarah O. Schindler, Esq. ID No. 314912**
**Eight Tower Bridge, Suite 940**
**161 Washington Street**
**Conshohocken, PA 19428**
**Phone: (610) 941-4204**
**Fax: (610) 941-4245**
**Attorneys for Plaintiff**

THIS IS NOT AN ARBITRATION CASE.
AN ASSESSMENT OF DAMAGES
HEARING IS REQUIRED.
JURY TRIAL DEMANDED

Filed and Attested by the
Office of Judicial Records
08 MAR 2018 04:13 pm
C. MILLER

| | | |
|---|---|---|
| **Lauren Wallis** | : | **PHILADELPHIA COUNTY** |
| | : | **TRIAL DIVISION** |
| | : | **COURT OF COMMON PLEAS** |
| | : | |
| **Plaintiff,** | : | |
| vs. | : | **MARCH TERM, 2018** |
| | : | |
| **Teva Pharmaceuticals USA, Inc.** | : | **DOCKET NO: #_____** |
| **Delaware Corporation** | : | |
| **1090 Horsham Road** | : | |
| **North Wales, PA 19454** | : | **JURY TRIAL DEMANDED** |
| ------AND--------- | : | |
| **SEE ATTACHED SHEET FOR** | | |
| **ADDITIONAL DEFENDANTS** | | |
| **Defendants.** | | |

## PRAECIPE TO ISSUE WRIT OF SUMMONS
### Product Liability Action

TO THE PROTHONOTARY:

Kindly issue a Writ of Summons – Civil Action to Defendants Teva Pharmaceuticals USA, Inc.,

Teva Women's Health, Inc., Teva Branded Pharmaceutical, The Cooper Companies, Inc. and Cooper

Surgical Inc.

Dated: March 8, 2018                    By: */s/ Derek T. Braslow*

                                        Derek Braslow, Esquire

Case ID: 180300601

## ATTACHED SHEET FOR ADDITIONAL DEFENDANTS

**Teva Women's Health, Inc.**
Delaware Corporation
425 Privet Road
Horsham, PA  19044
    -and-
**Teva Branded Pharmaceutical**
**Products R&D, Inc.**
Delaware Corporation
41 Moores Road
Frazer, PA  19355
    and
**The Cooper Companies, Inc.**
Delaware Corporation
Principal Place of Business:
6140 Stoneridge Mall Road, Suite 590
Pleasanton, CA  94588
    and
**CooperSurgical Inc,**
Delaware Corporation
95 Corporate Drive
Trumbull, CT  06611

CP-97

# Commonwealth of Pennsylvania

## CITY AND COUNTY OF PHILADELPHIA

*Filed and Attested by the
Office of Judicial Records
08 MAR 2018 04:13 pm
C. MILLER*

COURT OF COMMON PLEAS

March —————— Term. 20 18

No. _____

Lauren Wallis

*vs.*

Teva Pharamceuticals USA, Inc., Teva
Women's Health, Inc., Teva Branded
Pharmaceutical Products R&D, Inc., Cooper
Companies, Inc., CooperSurgical, Inc.

To[1]

Teva Pharmaceuticals USA, Inc
Delaware Corporation
1090 Horsham Road
North Wales, PA 19454

Teva Women's Health, Inc.
Delaware Corporation
425 Privet Road
Horsham, PA 19044

Teva Branded Pharmaceutical Products
R&D, Inc.
Delaware Corporation
41 Moores Road
Frazer, PA 19355

The Cooper Companies, Inc.
Delaware Corporation
Principal place of business:
6140 Stoneridge Mall Road,
Suite 590
Pleasanton, CA 94588

CooperSurgical, Inc.
Delaware Corporation
95 Corporate Drive
Trumbull, CT 06611

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante[2]*

Lauren Wallis

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*

By _____

**180300601**
08 MAR 2018 04:13 pm
C. MILLER

Date _____

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 180300601

**COURT OF COMMON PLEAS**

March _____ **Term, 20** 18 **No.** _____

Lauren Wallis

vs.

Teva Pharamceuticals USA, Inc., Teva Women's
Health, Inc., Teva Branded Pharmaceutical Products
R&D, Inc., Cooper Companies, Inc., Cooper
Surgical, Inc.

**SUMMONS**

# EXHIBIT A-3

**POGUST BRASLOW & MILLROOD, LLC**
By: **Derek Braslow, Esq., ID No. 78994**
**Sarah O. Schindler, Esq. ID No. 314912**
**Eight Tower Bridge, Suite 940**
**161 Washington Street**
**Conshohocken, PA 19428**
**Phone: (610) 941-4204**
**Fax:    (610) 941-4245**
**Attorneys for Plaintiff**

THIS IS NOT AN ARBITRATION CASE
AN ASSESSMENT OF DAMAGES
HEARING IS REQUIRED.
JURY TRIAL DEMANDED

Filed and Attested by the
Office of Judicial Records
10 APR 2018 01:12 pm
M. RUSSO

| | | |
|---|---|---|
| **Lauren Wallis**<br>**1650 21st Street**<br>**Ogden, Utah 84401** | :<br>:<br>:<br>:<br>: | **PHILADELPHIA COUNTY**<br>**TRIAL DIVISION**<br>**COURT OF COMMON PLEAS** |
| **Plaintiff,**<br>**vs.** | :<br>:<br>: | **MARCH TERM, 2018**<br><br>**DOCKET NO: #0601** |
| **Teva Pharmaceuticals USA, Inc.**<br>**Delaware Corporation**<br>**1090 Horsham Road**<br>**North Wales, PA 19454**<br>------AND---------<br>**SEE ATTACHED SHEET FOR** | :<br>:<br>: | **JURY TRIAL DEMANDED** |

## PRAECIPE TO REISSUE WRIT OF SUMMONS
### Product Liability Action

TO THE PROTHONOTARY:

Kindly issue a Writ of Summons – Civil Action to Defendants Teva Pharmaceuticals USA, Inc.,

Teva Women's Health, Inc., Teva Branded Pharmaceutical, The Cooper Companies, Inc. and Cooper

Surgical Inc.


Dated: April 10, 2018                    By: _/s/ Derek T. Braslow_

                                             Derek Braslow, Esquire


Case ID: 180300601

## ATTACHED SHEET FOR ADDITIONAL DEFENDANTS

**Teva Women's Health, Inc.**
Delaware Corporation
425 Privet Road
Horsham, PA 19044
    -and-
**Teva Branded Pharmaceutical**
Products R&D, Inc.
Delaware Corporation
41 Moores Road
Frazer, PA 19355
    and
**The Cooper Companies, Inc.**
Delaware Corporation
Principal Place of Business:
6140 Stoneridge Mall Road, Suite 590
Pleasanton, CA 94588
    and
**Cooper Surgical Inc,**
Delaware Corporation
95 Corporate Drive
Trumbull, CT 06611

CP-97

# Commonwealth of Pennsylvania

### CITY AND COUNTY OF PHILADELPHIA

SUMMONS
*CITACION*

Filed and Attested by the
Office of Judicial Records
30 APR 2018 01:12 pm
M. RUSSO

COURT OF COMMON PLEAS

March _____ Term 20 18

No. _____

Lauren Wallis

*vs.*

Teva Pharamceuticals USA, Inc., Teva
Women's Health, Inc., Teva Branded
Pharmaceutical Products R&D, Inc., Cooper
Companies, Inc., CooperSurgical, Inc.

To[1]

Teva Pharmaceuticals USA, Inc
Delaware Corporation
1090 Horsham Road
North Wales, PA 19454

Teva Women's Health, Inc.
Delaware Corporation
425 Privet Road
Horsham, PA 19044

Teva Branded Pharmaceutical Products
R&D, Inc.
Delaware Corporation
41 Moores Road
Frazer, PA 19355

The Cooper Companies, Inc.
Delaware Corporation
Principal place of business:
6140 Stoneridge Mall Road,
Suite 590
Pleasanton, CA 94588

CooperSurgical, Inc.
Delaware Corporation
95 Corporate Drive
Trumbull, CT 06611

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante[2]*

Lauren Wallis

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*

By _____

Date _____

180300601
30 APR 2018 04:12 pm
M. RUSSO

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 180300601

COURT OF COMMON PLEAS

March _____ **Term, 20** 18 **No.** _____

Lauren Wallis

**vs.**

Teva Pharamceuticals USA, Inc., Teva Women's
Health, Inc., Teva Branded Pharmaceutical Products
R&D, Inc., Cooper Companies, Inc., Cooper
Surgical, Inc.

**SUMMONS**

# EXHIBIT A-4



*IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY*
*FIRST JUDICIAL DISTRICT OF PENNSYLVANIA*
*TRIAL DIVISION – CIVIL*

Wallis

Vs

Teva Pharmaceutical USA, Inc., et al

March TERM 2018

No. 0601

**DOCKETED**

JUL 2 4 2018

N. ERICKSON
DAY FORWARD

## RULE RETURNABLE

AND NOW, this 24th day of July, 2018, a rule is hereby issued to show cause why this matter should not be non-prossed for failure to file a complaint in a timely manner.

**Rule returnable** the 15th day of August, 2018 at 9:30 a.m. in Courtroom 602, City Hall, Philadelphia, Pennsylvania.

All counsel and unrepresented parties shall appear unless the case is settled or withdrawn, in which case counsel must notify the court immediately in writing.

Wallis Vs Teva Pharmaceuticals Usa, Inc Ela-CLLRR

18030060100020

BY THE COURT:

Arnold L. New, J.
*Team Leader*

# EXHIBIT A-5

**IN THE COURT OF COMMON PLEAS**
Philadelphia County, Pennsylvania

**AFFIDAVIT OF SERVICE**



*190592*    Office of Judicial Records
23 MAR 2018 08:34 am
Index no : 000601  E. MILER

Lauren Wallis

     Plaintiff(s),

vs.

Teva Pharmaceuticals USA, Inc., et al

     Defendant(s).

---

**STATE OF CONNECTICUT**

    **ss: East Hartford**

**HARTFORD COUNTY**

**Eric Rubin**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the State of Connecticut.

On **03/20/2018** at **1:10 PM**, I served the within **Civil Cover Sheet, Summons and Complaint** on **CooperSurgical, Inc.** at **95 Corporate Drive, Trumbull, CT 06611** in the manner indicated below:

CORPORATE SERVICE: By delivering a true copy of each to **Joanne Augustine, H.R. Director** of the above named corporation. The undersigned asked the recipient if he/she is authorized to accept service on behalf of **CooperSurgical, Inc.**, and the recipient responded in the affirmative.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|-----|--------------------|---------------|-----|--------|--------|
| Female | Caucasian | Brown | 49 | 5'5" | 135 |
| Other Features: | | | | | |

Sworn to and subscribed before me on
March 21, 2018
by an affiant who is personally known to
me or produced identification.

_____
NOTARY PUBLIC
My Commission Expires:  03/31/2018

**AMY J. CHANTRY**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES

X_____
Eric Rubin
Peter D. Feldman Process Server
14 Maljim Ct
Suite 100
Wayne ,NJ 07470
917-709-6311
Atty File#:

Case ID: 180300601

<table>
<tr><td colspan="4">

*Attorney or Party without Attorney:*
DEREK BRASLOW, ESQ, Bar #78994
POGUST BRASLOW & MILLROOD, LLC
EIGHT TOWER BRIDGE, SUITE 940
161 WASHINGTON STREET
CONSHOHOCKEN, PA 19428
*Telephone No:* 610-941-4204       *FAX No:* 610-941-4245

*Attorney for:* Plaintiff

</td><td>

*For Court Use Only*

</td></tr>
</table>

| | | | |
|---|---|---|---|
| Attorney or Party without Attorney: | | | For Court Use Only |

DEREK BRASLOW, ESQ, Bar #78994
POGUST BRASLOW & MILLROOD, LLC
EIGHT TOWER BRIDGE, SUITE 940
161 WASHINGTON STREET
CONSHOHOCKEN, PA 19428
*Telephone No:* 610-941-4204   *FAX No:* 610-941-4245

*Ref. No. or File No.:*

Filed and Attested by the
Office of Judicial Records
27 MAR 2018 12:58 pm

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
Philadelphia County Trial Division Court Of Common Pleas

*Plaintiff:* LAUREN WALLIS
*Defendant:* TEVA PHARMACEUTICALS USA, INC., et al.

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* 180300601 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS, - CITATION, PRAECIPE TO ISSUE WRIT OF SUMMONS, CIVIL COVER SHEET.

*3. a. Party served:*          THE COOPER COMPANIES, INC. DELAWARE CORPORATION

*4. Address where the party was served:*        6140 STONERIDGE MALL ROAD
                          SUITE 590
                          PLEASANTON, CA 94588

*5. I served the party:*
   b. **by substituted service.** On: Tue., Mar. 20, 2018 at: 3:53PM by leaving the copies with or in the presence of:
                  CATHERINE CUDE, RECEPTIONIST, White, Female, 35 Years Old, Brown
                  Hair, 5 Feet 5 Inches, 140 Pounds
   (1) **(Business)** a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the
       person served. I informed him or her of the general nature of the papers.

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
   on behalf of: TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC. DELAWARE CORPORATION
   Under CCP 416.10 (corporation)

*7. Person Who Served Papers:*                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JOSHUA HUTCHINSON
                                  d. *The Fee for Service was:*   $75.00



**P.O. Box 5383**
**Walnut Creek, CA 94596**
**(925) 947-1221**
**fax (925) 947-1375**

LEGAL SERVICES
Registration # 792

   e. I am: (3) registered California process server
      *(i)* Independent Contractor
      *(ii) Registration No.:*      1419
      *(iii) County:*          Alameda
      *(iv) Expiration Date:*     Sat, Nov. 03, 2018

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: Wed, Mar. 21, 2018

Judicial Council Form POS-010         PROOF OF SERVICE        (JOSHUA HUTCHINSON)      pogustb.84363
Rule 2.150.(a)&(b) Rev January 1, 2007           SUMMONS

SEE ATTACHED
CALIFORNIA
NOTARIAL CERTIFICATE

Case ID: 180300601

| *Attorney or Party without Attorney:* | *For Court Use Only* |
|---|---|

DEREK BRASLOW, ESQ, Bar #78994
POGUST BRASLOW & MILLROOD, LLC
EIGHT TOWER BRIDGE, SUITE 940
161 WASHINGTON STREET
CONSHOHOCKEN, PA 19428
*Telephone No:* 610-941-4204   *FAX No:* 610-941-4245

*Ref. No. or File No.:*

Filed and Attested by the
Office of Judicial Records
27 MAR 2018 12:58 pm

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
Philadelphia County Trial Division Court Of Common Pleas

*Plaintiff:* LAUREN WALLIS
*Defendant:* TEVA PHARMACEUTICALS USA, INC., et al.

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* 180300601 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS, - CITATION, PRAECIPE TO ISSUE WRIT OF SUMMONS, CIVIL COVER SHEET.

*3. a. Party served:*          THE COOPER COMPANIES, INC. DELAWARE CORPORATION

*4. Address where the party was served:*        6140 STONERIDGE MALL ROAD
                          SUITE 590
                          PLEASANTON, CA 94588

*5. I served the party:*
   b. **by substituted service.** On: Tue., Mar. 20, 2018 at: 3:53PM by leaving the copies with or in the presence of:
                  CATHERINE CUDE, RECEPTIONIST, White, Female, 35 Years Old, Brown
                  Hair, 5 Feet 5 Inches, 140 Pounds
   (1) **(Business)** a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the
       person served. I informed him or her of the general nature of the papers.

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
   on behalf of: TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC. DELAWARE CORPORATION
   Under CCP 416.10 (corporation)

*7. Person Who Served Papers:*                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JOSHUA HUTCHINSON
                                  d. *The Fee for Service was:*   $75.00



**P.O. Box 5383**
**Walnut Creek, CA 94596**
**(925) 947-1221**
**fax (925) 947-1375**

LEGAL SERVICES
Registration # 792

   e. I am: (3) registered California process server
      *(i)* Independent Contractor
      *(ii) Registration No.:*      1419
      *(iii) County:*          Alameda
      *(iv) Expiration Date:*     Sat, Nov. 03, 2018

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: Wed, Mar. 21, 2018

Judicial Council Form POS-010         PROOF OF SERVICE        (JOSHUA HUTCHINSON)      pogustb.84363
Rule 2.150.(a)&(b) Rev January 1, 2007           SUMMONS

SEE ATTACHED
CALIFORNIA
NOTARIAL CERTIFICATE

Case ID: 180300601

# CALIFORNIA
# ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )

County of Contra Costa )

On March 23, 2018 before me, Brook Thurston, Notary Public ,
(Here insert name and title of the officer)

personally appeared

Joshua Hutchinson ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Signature of Notary Public (Seal)

BROOK THURSTON
Notary Public - California
Contra Costa County
Commission # 2206397
My Comm. Expires Aug 18, 2021

---

## ADDITIONAL OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

Proof of Service
(Title or description of attached document)

Summons
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

## INSTRUCTIONS

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e.)he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible.
- Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
- Securely attach this document to the signed document with a staple.

Case ID: 180300601

# Affidavit / Return of Service

| | | | |
|---|---|---|---|
| **Plaintiff:** | LAUREN WALLIS | **Court Term & No.:** | 180300601 |
| | | E-File# 1804003574 | |
| **Defendant:** | TEVA PHARMACEUTICALS USA INC<br>TEVA WOMEN'S HEALTH INC | **Document Served:**<br>  Plaintiff's Complaint | |
| **Serve at:** | DELAWARE CORPORATION 1090 HORSHAM RD | **Company Reference/Control No.:**<br>  230035 | |

Served and Made Known to TEVA PHARMACEUTICALS USA INC AND TEVA WOMEN'S HEALTH INC on 03/20/2018 at 09:05 AM, in the manner described below:

Agent or person in charge of Party's office or usual place of business. NAME: BARBARA SCOLL

| **Description** | **Age:** | **Height:** | **Weight:** | **Race:** | **Sex:** |
|---|---|---|---|---|---|
| | **Other:** | | | | |

| **Company Profile:** | **Name of Server:** |
|---|---|
| SHERIFF OFFICE<br>100 SOUTH BROAD STREET<br>5TH FLOOR<br>PHILADELPHIA PA 19110<br>PHONE: (215)686-3530 | Being duly sworn according to law, deposes and says that he/she is process server herein names; and that the facts herein set forth above are true and correct to the best of their knowledge, information and belief.<br><br>**Deputy Sheriff:** MONTGOMERY COUNTY SHERIFF |

**FILED AND ATTESTED PRO-PROTHY 02 APR 2018 05:25 PM**

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| DEREK BRASLOW, ESQ, Bar #78994<br>POGUST BRASLOW & MILLROOD, LLC<br>EIGHT TOWER BRIDGE, SUITE 940<br>161 WASHINGTON STREET<br>CONSHOHOCKEN, PA 19428<br>*Telephone No:* 610-941-4204    *FAX No:* 610-941-4245 | | | | Filed and Attested by the<br>Office of Judicial Records<br>04 APR 2018 09:46 am<br>G. IMPERATO |
| *Attorney for:* Plaintiff | | *Ref. No. or File No.:* | | |

*Insert name of Court, and Judicial District and Branch Court:*

Philadelphia County Trial Division Court Of Common Pleas

*Plaintiff:* LAUREN WALLIS

*Defendant:* TEVA PHARMACEUTICALS USA, INC., et al.

| PROOF OF SERVICE<br>SUMMONS | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>180300601 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS, - CITATION, PRAECIPE TO ISSUE WRIT OF SUMMONS, CIVIL COVER SHEET.

*3. a. Party served:*    THE COOPER COMPANIES, INC. DELAWARE CORPORATION

*4. Address where the party was served:*    6140 STONERIDGE MALL ROAD
SUITE 590
PLEASANTON, CA 94588

*5. I served the party:*
  b. **by substituted service.** On: Tue., Mar. 20, 2018 at: 3:53PM by leaving the copies with or in the presence of:
      CATHERINE CUDE, RECEPTIONIST, White, Female, 35 Years Old, Brown
      Hair, 5 Feet 5 Inches, 140 Pounds
  (1) **(Business)** a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the
      person served. I informed him or her of the general nature of the papers.

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
  on behalf of: TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC. DELAWARE CORPORATION
  Under CCP 416.10 (corporation)

*7. Person Who Served Papers:*
  a. JOSHUA HUTCHINSON

  **D&T**
  **LEGAL SERVICES**
  Registration # 792

  **P.O. Box 5383**
  **Walnut Creek, CA 94596**
  **(925) 947-1221**
  **fax (925) 947-1375**

Recoverable Cost Per CCP 1033.5(a)(4)(B)
  d. *The Fee for Service was:*    $75.00
  e. I am: (3) registered California process server
      *(i)* Independent Contractor
      *(ii) Registration No.:*    1419
      *(iii) County:*    Alameda
      *(iv) Expiration Date:*    Sat, Nov. 03, 2018

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

  Date: Wed, Mar. 21, 2018

  _____
  (JOSHUA HUTCHINSON)

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMONS

*pogusth.84363*

SEE ATTACHED
CALIFORNIA
NOTARIAL CERTIFICATE

# CALIFORNIA
# ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California ⟩

County of Contra Costa ⟩

On March 23, 2018 before me, Brook Thurston, Notary Public ,
(Here insert name and title of the officer)

personally appeared

Joshua Hutchinson ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Signature of Notary Public (Seal)

BROOK THURSTON
Notary Public - California
Contra Costa County
Commission # 2206397
My Comm. Expires Aug 18, 2021

## ADDITIONAL OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

Proof of Service
(Title or description of attached document)

Summons
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

## INSTRUCTIONS

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible.
- Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
- Securely attach this document to the signed document with a staple.

Case ID: 180300601

# Affidavit / Return of Service

| | | | |
|---|---|---|---|
| **Plaintiff:** | LAUREN WALLIS | **Court Term & No.:** | 180300601 |
| | | | E-File# 1804048410 |
| **Defendant:** | TEVA BRANDED PHARMACEUTICAL PRODUCTS R<br>TEVA PHARMACEUTICALS USA INC<br>TEVA WOMEN'S HEALTH INC | **Document Served:**<br>Plaintiff's Writ of Summons | |
| **Serve at:** | 3411 SILVERSIDE RD., SUITE 104 | **Company Reference/Control No.:**<br>P155007, P155008, P155009 | |

Served and Made Known to TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D INC, TEVA PHARMACEU... on 04/11/2018 at 03:34 PM, in the manner described below:

Agent or person in charge of Party's office or usual place of business. NAME: ALEXA SIEMIENSKI

| | Age: | Height: | Weight: | Race: | Sex: |
|---|---|---|---|---|---|
| **Description** | 27 | 5' 10" | 130 lbs. | Caucasian | Female |
| | Other: | | | | |

| Company Profile: | Name of Server: THOMAS J. CREAN, JR. |
|---|---|
| DENNIS RICHMAN SERVICES FOR THE PROFESSIONAL, INC.<br>1500 J.F.K. BOULEVARD<br>SUITE 1706<br>PHILADELPHIA PA 19102<br>PHONE: (215)977-9393 | Being duly sworn according to law, deposes and says that he/she is process server herein names; and that the facts herein set forth above are true and correct to the best of their knowledge, information and belief. |
| | **Deputy Sheriff:** |

**FILED AND ATTESTED PRO-PROTHY 19 APR 2018 09:28 PM**

\\zdrafsrv 12/8/11

# Affidavit / Return of Service

| | | | |
|---|---|---|---|
| **Plaintiff:** | LAUREN WALLIS | **Court Term & No.:** | 180300601 |
| | | | E-File# 1804048435 |
| **Defendant:** | COOPER COMPANIES INC<br>COOPERSURGICAL INC | **Document Served:** | Plaintiff's Writ of Summons |
| **Serve at:** | 251 LITTLE FALLS DRIVE | **Company Reference/Control No.:** | P155010, P155011 |

Served and Made Known to COOPER COMPANIES INC AND COOPERSURGICAL INC on 04/11/2018 at 04:10 PM, in the manner described below:

Agent or person in charge of Party's office or usual place of business. NAME:

| | Age: | Height: | Weight: | Race: | Sex: |
|---|---|---|---|---|---|
| **Description** | 35 | 5' 6" | 140 lbs. | Black | Female |
| | Other: THEY DO NOT PROVIDE NAMES AT THIS LOCATION | | | | |

| **Company Profile:**<br>DENNIS RICHMAN SERVICES FOR THE PROFESSIONAL, INC.<br>1500 J.F.K. BOULEVARD<br>SUITE 1706<br>PHILADELPHIA PA 19102<br>PHONE: (215)977-9393 | **Name of Server:** THOMAS J. CREAN, JR.<br><br>Being duly sworn according to law, deposes and says that he/she is process server herein names; and that the facts herein set forth above are true and correct to the best of their knowledge, information and belief. |
|---|---|
| | **Deputy Sheriff:** |

**FILED AND ATTESTED PRO-PROTHY 19 APR 2018 10:12 PM**

# Affidavit / Return of Service

| | | |
|---|---|---|
| **Plaintiff:** | LAUREN WALLIS | **Court Term & No.:** 180300601 |
| | | E-File# 1804057885 |
| **Defendant:** | TEVA BRANDED PHARMACEUTICAL PRODUCTS R | **Document Served:** Plaintiff's Writ of Summons |
| **Serve at:** | DELAWARE CORPORATION 41 MOORES RD | **Company Reference/Control No.:** 230035 |

Served and Made Known to _____ on _____ at _____, in the manner described below:

| Description | Age: | Height: | Weight: | Race: | Sex: |
|---|---|---|---|---|---|
| | Other: | | | | |

On 03/26/2018 at 10:30 AM, TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D INC not found because ALL LEGAL PAPERS MUST BE SERVED AT 425 PRIVET ROAD, HORSHAM, PA 19044

| **Company Profile:** | **Name of Server:** |
|---|---|
| SHERIFF OFFICE 100 SOUTH BROAD STREET 5TH FLOOR PHILADELPHIA PA 19110 PHONE: (215)686-3530 | Being duly sworn according to law, deposes and says that he/she is process server herein names; and that the facts herein set forth above are true and correct to the best of their knowledge, information and belief. |
| | **Deputy Sheriff:** MONTGOMERY COUNTY SHERIFF |

**FILED AND ATTESTED PRO-PROTHY 24 APR 2018 04:02 PM**



### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL

| | |
|---|---|
| Wallis | March TERM 2018 |
| Vs | No. 601 |
| Teva Pharmaceutical USA, Inc, et al | |

DOCKETED

AUG 1 7 2018

N. ERICKSON
DAY FORWARD

## RULE RETURNABLE

AND NOW, this 15th day of August, 2018, upon consideration of the continuance request, the rule issued to show cause why this matter should not be non-prossed for failure to file a complaint in a timely manner is rescheduled.

**Rule returnable** the 29th day of August, 2018 at 9:30 a.m. in Courtroom 602, City Hall, Philadelphia, Pennsylvania.

All counsel and unrepresented parties shall appear unless the case is settled or withdrawn, in which case counsel must notify the court immediately in writing.

Wallis Vs Teva Pharmaceuticals Usa, Inc. Eta-RLFIS

18030060100023

BY THE COURT:

Arnold L. New, J.
*Team Leader*

# Affidavit of Process Server

PHILADELPHIA COUNTY COURT OF COMMON PLEAS TRIAL DIVISION and Attested by the
Office of Judicial Records
22 AUG 2018 01:44 pm
E. EMPERATO

LAUREN WALLIS     VS     TEVA PHARMACEUTICALS, INC., et al.    180300601

| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

I DENORRIS BRITT _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.   RECEIVED 8/17/18

**Service: I served** TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC.
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) JURY TRIAL DEMANDED; CIVIL ACTION COMPLAINT/NOTICE TO PLEAD; COMPLAINT AND JURY DEMAND

by leaving with JOELLE AGENA      MANAGING AGENT    At
       NAME          RELATIONSHIP

☐ **Residence** _____
       ADDRESS         CITY / STATE

☒ **Business** C/O CORPORATE CREATIONS NETWORK, INC., 3411 SILVERSIDE ROAD, WILMINGTON, DE 19801
       ADDRESS         CITY / STATE

On _____ 8/17/18 _____ AT _____ 2:50 PM _____
       DATE         TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
                 DATE

from _____
   CITY       STATE       ZIP
**Manner of Service:**
☒ CORPORATE

☐ **Personal:** By personally delivering copies to the person being served.

☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 _____ and explaining the general nature of the papers.

☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

☐ **Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other

**Service Attempts:** Service was attempted on: (1)_____ (2)_____
           DATE     TIME       DATE     TIME

(3)_____ (4)_____ (5)_____
  DATE    TIME       DATE    TIME      DATE   TIME

AGE 30   Sex FEMALE Race WHITE Height 5'5   Weight 120   HAIR BLONDE

_____
SIGNATURE OF PROCESS SERVER

DENORRIS BRITT

SUBSCRIBED AND SWORN in the State of Delaware, New Castle County before me this 17TH day of AUGUST 2018.

KEVIN DUNN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires September 14, 2020

_____
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of DELAWARE

Case ID: 180300601

# Affidavit of Process Server

| LAUREN WALLIS | VS | TEVA PHARMACEUTICALS, INC., et al. | 180300601 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

I DENORRIS BRITT _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service. RECEIVED 8/17/18

**Service:** I served TEVA WOMEN'S HEALTH, INC.
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) JURY TRIAL DEMANDED; CIVIL ACTION COMPLAINT/NOTICE TO PLEAD; COMPLAINT AND JURY DEMAND

by leaving with JOELLE AGENA                MANAGING AGENT                At
NAME                                          RELATIONSHIP

☐ **Residence**
ADDRESS                                CITY / STATE

☒ **Business** C/O CORPORATE CREATIONS NETWORK, INC., 3411 SILVERSIDE ROAD, WILMINGTON, DE 19801
ADDRESS                                CITY / STATE

On ___ 8/17/18 ___ AT ___ 2:50 PM ___
DATE                                        TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY          STATE          ZIP

**Manner of Service:**
☒ CORPORATE
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

☐ **Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address  ☐ Moved, Left no Forwarding  ☐ Service Cancelled by Litigant  ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist  ☐ Other

**Service Attempts:** Service was attempted on: (1)_____ (2)_____
DATE     TIME                    DATE     TIME

(3)_____ (4)_____ (5)_____
DATE     TIME          DATE     TIME          DATE     TIME

AGE 30  Sex FEMALE Race WHITE Height 5'5  Weight 120   HAIR BLONDE

_____
SIGNATURE OF PROCESS SERVER

DENORRIS BRITT

SUBSCRIBED AND SWORN in the State of Delaware, New Castle County before me this 17TH day of AUGUST ,2018.

KEVIN DUNN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires September 14, 2020

_____
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of DELAWARE

Case ID: 180300601

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

# Affidavit of Process Server

## PHILADELPHIA COUNTY COURT OF COMMON PLEAS TRIAL DIVISION

| LAUREN WALLIS | VS | TEVA PHARMACEUTICALS, INC., et al. | 180300601 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

I DENORRIS BRITT _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.  RECEIVED 8/17/18

Service: I served TEVA PHARMACEUTICALS USA, INC.
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) JURY TRIAL DEMANDED; CIVIL ACTION COMPLAINT/NOTICE TO PLEAD; COMPLAINT AND JURY DEMAND

by leaving with JOELLE AGENA                    MANAGING AGENT                    At
NAME                                            RELATIONSHIP

☐ Residence _____
ADDRESS                        CITY / STATE

☒ Business C/O CORPORATE CREATIONS NETWORK, INC., 3411 SILVERSIDE ROAD, WILMINGTON, DE 19801
ADDRESS                                              CITY / STATE

On _____8/17/18_____ AT _____2:50 PM_____
DATE                                TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY        STATE        ZIP

**Manner of Service:**
☒ CORPORATE
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

☐ **Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Moved, Left no Forwarding    ☐ Service Cancelled by Litigant ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other

**Service Attempts:** Service was attempted on: (1)_____ (2)_____
                                              DATE        TIME        DATE        TIME

(3)_____ (4)_____ (5)_____
DATE        TIME        DATE        TIME        DATE        TIME

AGE 30    Sex FEMALE Race WHITE Height 5'5 ____ Weight 120    HAIR BLONDE

_____
SIGNATURE OF PROCESS SERVER

DENORRIS BRITT

SUBSCRIBED AND SWORN in the State of Delaware, New Castle County before me this 17TH day of AUGUST 2018.

KEVIN DUNN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires September 14, 2020

_____
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of  DELAWARE

Case ID: 180300601

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

# Affidavit of Process Server

## PHILADELPHIA COUNTY COURT OF COMMON PLEAS TRIAL DIVISION

LAUREN WALLIS     VS     TEVA PHARMACEUTICALS USA, INC., et al.     180300601

| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER |

I KEVIN S. DUNN _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.  RECEIVED 8/17/18

**Service:** I served THE COOPER COMPANIES, INC.

NAME OF PERSON / ENTITY BEING SERVED

with (list documents) JURY TRIAL DEMANDED; CIVIL ACTION COMPLAINT/NOTICE TO PLEAD; COMPLAINT AND JURY DEMAND

by leaving with LYNANNE GARES      MANAGING AGENT     At

       NAME                 RELATIONSHIP

☐ Residence _____

       ADDRESS               CITY / STATE

☒ Business C/O THE PRENTICE-HALL CORPORATION SYSTEM, 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808

       ADDRESS               CITY / STATE

On _____ 8/17/18 _____ AT _____ 3:15 PM _____

       DATE               TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____

                                            DATE

from _____

       CITY          STATE         ZIP

**Manner of Service:**

☒ CORPORATE

☐ **Personal:** By personally delivering copies to the person being served.

☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.

☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Moved, Left no Forwarding    ☐ Service Canceled by Litigant ☐ Unable to Serve in Timely Fashion ☐ Address Does Not Exist ☐ Other _____

**Service Attempts:** Service was attempted on: (1)_____ _____ (2)_____ _____

                                   DATE      TIME              DATE      TIME

(3)_____ _____ (4)_____ _____ (5)_____ _____

    DATE      TIME          DATE      TIME       DATE      TIME

Age 45    Sex FEMALE Race WHITE Height 5'5   Weight 180    HAIR BROWN

                                                  SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 17TH day of AUGUST ,2018.

                                        SIGNATURE OF NOTARY PUBLIC

```
DENORRIS ANGELO BRITT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 1, 2020
```

NOTARY PUBLIC for the state of DELAWARE

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

# Affidavit of Process Server

## PHILADELPHIA COUNTY COURT OF COMMON PLEAS TRIAL DIVISION

| LAUREN WALLIS | VS | TEVA PHARMACEUTICALS USA, INC., et al. | 180300601 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

ᵢ KEVIN S. DUNN _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service. RECEIVED 8/17/18 _____

**Service:** I served COOPERSURGICAL, INC. _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) JURY TRIAL DEMANDED; CIVIL ACTION COMPLAINT/NOTICE TO PLEAD; COMPLAINT AND JURY DEMAND

by leaving with LYNANNE GARES _____ MANAGING AGENT _____ At
NAME                RELATIONSHIP

☐ Residence _____
ADDRESS                CITY / STATE

☒ Business  C/O THE PRENTICE-HALL CORPORATION SYSTEM, 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808
ADDRESS                CITY / STATE

On _____ 8/17/18 _____ AT _____ 3:15 PM _____
DATE                TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY        STATE        ZIP

**Manner of Service:**
☒ CORPORATE
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Moved, Left no Forwarding    ☐ Service Canceled by Litigant  ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other _____

**Service Attempts:** Service was attempted on: (1)_____ (2)_____
DATE        TIME                    DATE        TIME

(3)_____ (4)_____ (5)_____
'DATE    TIME            DATE        TIME            DATE    TIME

Age 45   Sex FEMALE Race WHITE Height 5'5   Weight 180   HAIR BROWN

_____
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 17TH day of AUGUST ,2018.

_____
SIGNATURE OF NOTARY PUBLIC

| DENORRIS ANGELO BRITT |
| NOTARY PUBLIC |
| STATE OF DELAWARE |
| My Commission Expires May 1, 2022 |

NOTARY PUBLIC for the state of DELAWARE

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| **LAUREN WALLIS** | : | **MARCH TERM, 2018** |
| | : | |
| **v.** | : | **No. 0601** |
| | : | |
| **TEVA PHARMACEUTICALS USA, INC., et al.** | : | |

## ORDER

AND NOW, this 27th day of August, 2018, upon consideration of the Defendant's request

for a continuance it is hereby ORDERED and DECREED the Rule to show cause why this matter

should not be non-prossed for failure to file a complaint in a timely manner, presently scheduled

for August 29th, 2018, is rescheduled for **September 24th, 2018 at 10:00 a.m. in Courtroom 602,**

**City Hall**.

BY THE COURT:

ARNOLD L. NEW, J.

Wallis Vs Teva Pharmaceuticals Usa, Inc. Eta-ORDER

18030060100026

**GREENBERG TRAURIG, LLP**
Brian H. Rubenstein, Esquire
rubensteinb@gtlaw.com
Attorney Identification No. 83200
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Phone: (215) 988-7864
Fax: (215) 689-4419

**ULMER & BERNE LLP**
Frederick M. Erny, Esquire
ferny@ulmer.com
Attorney Identification No. 52007
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Phone: (513) 698-5000
Fax: (513) 698-5001

Filed and Attested by the
Office of Judicial Records
10 SEP 2018 10:44 am
M. RUSSO

| | | |
|---|---|---|
| Lauren Wallis, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | MARCH TERM, 2018 |
| v. | : | |
| | : | NO. 00601 |
| Teva Pharmaceuticals USA, Inc.; Teva | : | |
| Women's Health, Inc.; Teva Branded | : | |
| Pharmaceutical Products R&D, Inc.; The | : | |
| Cooper Companies, Inc.; and | : | |
| CooperSurgical, Inc., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ENTRY OF APPEARANCE

### TO THE PROTHONOTARY:

Kindly enter our appearance on behalf of Defendants, Teva Pharmaceuticals USA, Inc.;

Teva Women's Health, Inc.; Teva Branded Pharmaceutical Products R&D, Inc.; The Cooper

Companies, Inc.; and CooperSurgical, Inc. in the above-titled action.

Case ID: 180300601

Dated:  September 10, 2018

**GREENBERG TRAURIG, LLP**

By: */s/ Brian H. Rubenstein*  
     Brian H. Rubenstein

**ULMER & BERNE LLP**

By: */s/ Frederick M. Erny*  
     Frederick M. Erny

*Attorneys for Defendants,*  
*Teva Pharmaceuticals USA, Inc.;*  
*Teva Women's Health, Inc.;*  
*Teva Branded Pharmaceutical Products R&D, Inc.;*  
*The Cooper Companies, Inc.; and CooperSurgical,*  
*Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I, Brian H. Rubenstein, do hereby certify that a true and correct copy of the foregoing

Entry of Appearance was filed via the Court's E-Filing System and thereby deemed served on all

counsel of record pursuant to Rule 205.4(g) of the Pennsylvania Rules of Civil Procedure and

Local Rule *205.4(f)(7).

**GREENBERG TRAURIG, LLP**

By: */s/ Brian H. Rubenstein*
     Brian H. Rubenstein

Dated: September __, 2018